*[... illegible text ...]*

## GILBERT GRISWOLD *versus* JAMES CHANDLER.

When, upon an appeal from the decision of a Judge of Probate, the decree is reversed, in part, the appellant will not be allowed his costs, where the appellee has prevailed in relation to the most important matters in controversy.

THIS was an appeal from a decree of the Judge of Probate, in this county, allowing the account of James Chandler, as administrator of the goods and estate of Gilbert Griswold, deceased. The appeal was taken by some of the heirs of the deceased. The matters in controversy between the parties, may be seen in the report of this case, 5 N. H. Reports 492.

It having been found here that the administrator was chargeable with certain sums, for which he had not been held to account in the court below,

*Joel Parker* and *Wilson* contended, on behalf of the appellants, that they were entitled to costs, as the prevailing party.

*Hubbard*, for the appellee.

*By the court.* The statute, regulating appeals from the decisions of a Judge of Probate, enacts, that " if, upon any such appeal, the decision of the Judge of Probate shall be reversed or altered, the said superior court may tax costs for the appellant, and issue execution therefor. And in case of affirmation they shall tax costs, and issue execution, for the appellee." When the decree of the Judge of Probate is affirmed, the appeal fails, *in toto*, and the appellant is in reality the prevailing party, and equitably entitled to costs. But when the decree is reversed, in part, although the appellant must, so far as the reversal extends, be considered as the prevailing party, yet, still, the appellee may, in reality, be the prevailing party with respect to the most important matters in controversy. And we are of opinion that it was the inten-

Griswold
v.
Chandler.

tion of the legislature to leave it, in cases where the decree is reversed in part, to the discretion of the court to allow the appellant costs, or not, as might seem reasonable under the circumstances of the case.

In this cause we shall not allow the appellants their costs. It is true, in relation to some matters, they have prevailed, and the decree is in part reversed. But with respect to the most important matters in controversy they have wholly failed. Neither party is entirely in the right, and we shall leave them to pay their own costs.