# ROCKINGHAM,

## DECEMBER TERM, A. D. 1848.

---

## WENDELL, APP'T. *v.* FRENCH, ADM'R.

| 19 | 205 |
|----|-----|
| 66 | 402 |

In the settlement of an administrator's account, his charges for attending the probate court, at hearings in relation to estates having connection with that of his intestate, for defending suits commenced against himself as administrator, for making demand of property belonging to himself in that capacity, for inquiring and ascertaining the existence of property in another jurisdiction, supposed to belong to the estate of the intestate, and for taking legal advice in respect to such property, although it could be administered only in the other jurisdiction, and for his necessary expenses in performing journeys for business of his administration, were properly allowed by the court of probate.

Where services, not obviously alien to the administration, have been rendered at the special request and advice of the party interested in the estate, such party shall be estopped from objecting to the allowance of a just compensation for them in the settlement of the administrator's account.

For collecting and disbursing money belonging to the estate, a commission of two per cent. was held, under the circumstances of the case, to be a just compensation.

For lending money and taking care of it, a commission of one per cent. per annum was allowed for the time during which the administrator received an interest of six per cent; a guarantee commission was disallowed.

An administrator is not chargeable with interest, except he receive it or make profitable use of the money, or unreasonably detain it.

On an appeal taken against an administrator, he may show error in the decree and have it corrected.

When a decree of a probate court is reversed in part, but the appellee has prevailed in relation to the most important matter, no costs are allowed.

But if the amount for which an administrator is found chargeable, upon an appeal taken from the decree of the judge of probate allowing his account, be

no greater than the sum for which he was charged in the probate court, al-
though there are corrections effected in various items, allowed and disallowed
by the judge of probate, the decree of the court of probate must be affirmed,
and the appellee will be entitled to costs of the appeal.

APPEAL from the decree of the judge of probate, allowing
certain charges in the account of the appellee, as adminis-
trator *de bonis non,* with the will annexed, of the late Wil-
liam Gardner. The facts found and reported by the audi-
tor, to whom the case was committed, as well as the reasons
of appeal necessary to a proper understanding of it, ap-
pear in the opinion.

*Hatch,* for the appellant.

*H. F. French, pro se.*

WOODS, J. It appears from the evidence in this case,
that the appellant, Abraham Wendell, in the right of his
wife, claimed an interest in certain property of the late Col.
Gardner, bequeathed by him to his nearest relatives, subject
to a power of appointment, to be exercised by his widow,
Sarah Gardner, since deceased. That the appellant, with
others claiming a *like* interest in the property, and desiring
to test the validity of an appointment set up, or attempted
to be made by Sarah Gardner, in her lifetime, and, in short,
to gain possession of the property or its avails, if justly en-
titled to it, applied to the appellee to take out letters of ad-
ministration on the estate of Col. Gardner, which he did in
the year 1842.

The estate, as inventoried, amounted to $2,868,12, of
which ten shares in the Rockingham Bank, and as many in
the Union Bank, constituted the bulk, having been apprais-
ed, together, at $2,650.

In 1843, a petition was exhibited by the appellant and
others to the probate court, for the reëxamination of the
probate of Sarah Gardner's will. On the hearing of this

petition, as well as at the settlement of Mr. Emery's account, as executor of that will, French, at the advice of the appellant, and upon his own persuasion that the adverse interests of William Gardner's administrator required his presence, gave his attendance.

Upon Mr. Emery's resignation of his trust as executor, and the appointment of Mr. Hatch to succeed him as administrator with the will annexed, the appellee caused the latter to exhibit and settle his administration account in the probate court, and himself was present at the settlement, both the appellant and he being of the opinion that it was expedient and proper for the most efficient discharge of his trust, that the estate of Sarah Gardner should be first settled and disposed of.

Suits were commenced by Wendell and by Varrell against French as administrator, to settle questions arising in the administration of the two estates of Sarah Gardner and of William Gardner, and some of the charges of the appellee are for services rendered in these suits.

The questions upon the validity of the appointment by Sarah Gardner, under the will, were decided adversely to the appointment. Prior to that decision, the representatives of both estates claiming a right to the possession of the bank stock and the receipt of the dividends, French, in pursuance of what he deemed his duty, and to enforce his claim, demanded of the New Hampshire Union Bank the dividends on the stock of his intestate, and they were accordingly paid to him. One of his charges is for making this demand.

Mrs. Gardner had, in her lifetime, undertaken to sell certain shares in the State Bank in Boston. Her right to do this was called in question by the appellant and others claiming them, at whose request the appellee undertook to investigate the question. He consulted with Mr. Freeman, who had been retained by the appellant, and at the request of the appellant, and in conformity with his own views as

to his duty as administrator of William Gardner, took the opinion of Professor Greenleaf on the subject.   He charged in his account the fee which he paid Mr. Greenleaf, and for his own services in obtaining his advice.

To all and each of these various charges, the appellant urges objections, which are to be considered.

1.   It is objected that the services of the appellee, relating to the probate of Sarah Gardner's will, the settlement of Mr. Emery's and Mr. Hatch's administration accounts, were foreign to his office as administrator of William Gardner's estate.   But it does not appear that the objection is well founded in fact.   A leading purpose, in the proceedings of this administrator, and of those for whom he acted, appears to have been to recover such parts of the property of Col. Gardner as had not legally passed in a different direction by the acts of Mrs. Gardner.   It may, therefore, well be imagined that the validity of her will and the settlement of her estate might have been deemed by this administrator as of importance.   In point of fact they were so deemed, as well by the administrator himself as by the parties from whom the objection now proceeds.   It was at their request and advice that these services were rendered in the course of the administration, and as connected with its objects.   And under such circumstances it would be unreasonable to require the administrator to point out the precise connection of these acts with his administration, or to show that the particular ends for which they were undertaken, actually succeeded.

2.   A further objection is, that the State Bank stock, which Mrs. Gardner had attempted to sell, if it belonged to the estate of Col. Gardner at all, belonged to his administrator in Massachusetts, and could be administered there only, and that, therefore, the services and expenses of the administrator, in relation to that property, were misapplied, and the charges ought, consequently, to be disallowed.

Although as between the principal and ancillary adminis-

trations, this property might be holden to pertain to the latter, and as subject to the jurisdiction of another State, it could hardly be deemed as alien to the purposes of the administrator in this case, being the principal administrator, having his residence among those directly interested in the result of the investigation, and being prompted and urged by them to do so, to institute an inquiry as to the title to the property, with a view to setting on foot an ancillary administration, or other apt means for the recovery of it. It by no means follows because the recovery of the State Bank shares must have been in the name of the administrator in the State where the property had its location, that the administrator here might not well have been charged by the parties having the whole interest in the property, with investigation touching the existence and the title to the property so situated; or that in undertaking thus to look after and protect the interests of his constituents, he necessarily infringed upon the province of any foreign administrator, even if the appointment of such had not followed in consequence of the investigations so set on foot. Had he, on being requested by this appellant and his associates to make the investigation, declined to do so, on the ground that if any thing should be found in the direction indicated, it could be administered only by a person to be appointed in another State, he would certainly have forfeited the character of diligence and zeal belonging to a position of high trust. These charges were properly allowed in the probate court, and an objection to them does not well become the party for whose sole benefit, and at whose express instance, the services were rendered.

3. Another objection is to the amount charged for services in the probate court and for journeys to Portsmouth, and for attending in the superior court, as being extravagant. The charges are at the rate of $5 per day for attendance in the probate court, and $2,50 to $3 for expenses, and $5 to $6 in the superior court. The price of a horse

and chaise from Exeter to Portsmouth is found by the auditor to be $2,50, which leaves 50 cents for keep of horse and man.   These charges are all reasonable, and are no more than ordinary.   Six dollars for attending in the superior court is an unusually low charge.   There is no rule of law which limits the compensation of administrators attending court to the taxable fees of a party.   The only rule is that which gives him a reasonable compensation for his services. If the services of one administrator be actually worth more than those of another,—if, for instance, in addition to the naked duties of an administrator, he brings in aid the services, *the experience and the* counsel of an attorney of the court, there is no reason why his compensation should not be regulated accordingly, and why he should not be paid for the discharge of services which an administrator, not qualified to render them, would have found it his duty to procure at the expense of the estate.   The suggestion of the appellant's counsel, that " Mr. French is entitled to no more fees than if he were not a counsellor at law," may, with the qualifications suggested, be true.   If, however, he has performed the duties of a counsellor at law, or if he were selected for an arduous duty, requiring unusual legal knowledge, and selected by those who had an interest in his services, and for the express purpose of obviating, by the selection, the need of retaining counsel and the hazards of unadvised proceedings, it would ill accord with the purposes of justice, and, as we conceive, would not be promotive of the best interest of parties even, to hold that the administrator, for such services rendered and duties performed, is not entitled to receive an adequate compensation commensurate with their real value and importance.

4.   Another objection to the decree of the judge of probate is founded upon the alleged misconduct of the administrator in selling the stock in the Rockingham Bank, which, it is said, was specifically bequeathed by the testator.   It was sold by the administrator, for the purpose of enabling

himself to make an equal distribution among those entitled to it, which could be made in no other. The administrator thought it the proper course, and this appellant assented to it. No objection appears to have been made by any party interested, at any stage of the proceedings at which objections might have been interposed. Without, therefore, controverting the impression entertained by the appellant, that the legacy was, in any proper sense of the term, specific, we affirm this part of the decree, upon the ground that the act of the administrator to which the objection is made, was done for the appellant's benefit and with his assent. The result was a gain upon the appraisal, with which the administrator has charged himself in the account. And we would remark that we have entirely failed to discover any principle of equity, reason or law upon which this objection can be supposed properly to rest.

5. The administrator has charged a commission on money loaned, services in loaning and collecting and guaranteeing payment. We see no occasion, in this case, for allowing a larger compensation than the ordinary commission of one per cent. per annum, settled in the case of *Gordon* v. *West*, 8 N H. Rep. 444, and think the charge allowed by the probate court should be reduced to that rate for the whole period during which the administrator kept the money at interest, he having charged himself with six per cent. during that time. If the keeping of the money of the estate at interest be attended with extraordinary risk and trouble, by reason of the administrator's exposure to be called at a day's notice, or any other cause, it may not consist with his duty to lend it. If he should see fit to lend it, notwithstanding the hazard of being suddenly called on for it, he may ordinarily provide for such event at the time of the loan; and if he could not, it certainly would not be mal-administration to omit it. Nothing unreasonable is required of an administrator in managing the estate in his care.

6. The administrator is also entitled to a compensation

for collecting and disbursing the money. Two and a half per cent. was settled in *Gordon* v. *West* as the ordinary commission, to be varied according to the degree of trouble and hazard attending each particular case. But in the present case, according to the finding of the auditor, the money was at ready command, and the persons to whom it was to be paid, few in number and easily ascertained, and the responsibility and danger of mistake were slight. The service, therefore, having been less than usual, we consider two per cent. on the principal sum a fair compensation. The decree must, in this particular, be corrected.

7. A claim is made by the appellant, in relation to the *right to the value* of the undivided stock in the Union Bank, alleged to have been sold by the administrator. He claims to charge him with its value. But the right was bought in by himself, and is, therefore, still in his hands for purposes of administration. And this result of the proceeding, like many other acts of the administrator complained of in this appeal, derives conclusive confirmation from the agreement of the appellant himself, that the right so bid in should be so holden.

8. The claim of the appellant to charge the appellee with a larger sum than that with which he has charged himself as interest, is not supported by any proof that he received a larger sum, or that he violated or omitted any duty in regard to letting or keeping the money at interest.

9. The same absence of proof exists in regard to the next claim. The auditor finds that there is no evidence that the shares in the New Hampshire Union Bank, which were sold to others, were sold for a larger sum than that with which the administrator stands charged in his account.

10. Objection is made to the administrator's charges for writing letters. But such services, if they concerned the estate and were such as ought to have been rendered, are as worthy of being paid for at their just value as any other services. They are properly charged.

11.   It is objected that the appellee was examined in the probate court as a witness in the proceedings.   The appellant, who was, on motion of his own attorney, examined likewise, makes this objection.   But the course was a proper one, and is sustained by the decision in *Griswold* v. *Chandler*, 5 N. H. Rep. 492.

12.   The appellee, on the other hand, claims in this appeal that those parts of the decree appealed from, which were adverse to him, be here revised, and that certain deductions from his charges, made by the judge of probate, be restored.

This, we conceive, ought to be done with respect to $10,95, deducted from charges for journeys to Portsmouth, and with respect to one dollar from each term fee, originally charged at six dollars, although the auditor finds that five dollars are as often charged for such services as six.

But as to the sum of twenty dollars, deducted generally from the administrator's charges, in the absence of evidence to show the abatement to have been erroneously made, we can do no otherwise than to presume it to have been correctly made, and the decree, in this respect, must stand.

13.   The appellant seeks to charge the appellee with interest on money remaining in his hands, since the settlement of his account in the probate court.

The just rule, on this subject, is stated by Mr. Justice *Wilde*, in *Stearns* v. *Brown*, 1 Pick. 531.   " The general principle is, that administrators are not chargeable with interest for money remaining in their hands, unless they loan it and receive interest, or make some profitable use of it, or unreasonably detain it."   The same principle is recognized in. *Griswold* v. *Chandler*, 5 N. H. Rep. 492.   There is no evidence which brings the administrator, in this case, within either of the conditions upon which he becomes chargeable with interest.   He has held the money to abide the result of this appeal, by which he has been prevented from paying it over, or otherwise disposing of it.

No costs are allowed where the decree has been reversed in part, and the appellee has prevailed in the most important matters in controversy. *Griswold* v. *Chandler*, 6 N. H. Rep. 61. Upon that principle the appellant is plainly not entitled to costs of the appeal.

If, however, the amount for which the administrator is chargeable, upon the principles settled in this case, be found to be no greater than the sum with which he was charged in the probate court, although there are corrections effected upon the appeal, in various items allowed and disallowed by the judge of probate, the decree of the probate court must be affirmed, with costs for the appellee. Let judgment be entered accordingly.