### THE JUDGE OF PROBATE *vs.* BRIGGS.

Where the question for the jury was, whether an administrator had accounted in the probate court for a sum of money, which he had received from a debtor of his intestate, it was held, that parol evidence was inadmissible to prove, that the judge of probate had made a decision, that it had been accounted for.

The decisions of the probate court can be proved only by the record of its proceedings.

DEBT upon a probate bond, given by the defendant, upon taking upon himself the administration of the estate of *Timothy Lovell,* deceased.

The defendant pleaded *omnia performavit.*

The plaintiff in his replication alleged, as a breach of the condition of the bond, that the defendant, having received of one *J. Weatherbee,* a debtor of the intestate, $50 76, had refused to account for it ; and the issue joined involved the question, whether the defendant had accounted for that sum.

The cause was tried here at May term, 1825 ; when the defendant shewed in evidence, that, in a hearing before the *Judge of Probate,* in this county, in March, 1821, the question, whether this sum had been accounted for, was considered by the *Judge of Probate,* who decided that it had been accounted for, and no appeal was claimed from the decision.— But as it did not appear, by the account settled at that time in the probate court, that any claim for this sum was then made, and there being no other evidence to prove the decision than parol testimony, the court rejected the evidence ; and the jury having returned a verdict for the plaintiff, the defendant moved the court to grant a new trial.

*J. H. Hubbard,* for the plaintiff.

*Upham,* for the defendant.

*By the court.* The court of probate is not a court of record, in the common law sense of the terms ; yet it has always been the custom to keep a record of all its proceedings. And we are clearly of opinion, that parol evidence is

Judge Prob.
*vs.*
Briggs.

not admissible to prove a decision in that court, in order to bar a claim, which would otherwise seem to be founded in justice. There is much good sense in the remarks of *Parker, C. J.* in the case of *Chase vs. Hathaway,* (14 *Mass. Rep.* 222,) on the subject of probate records; and we have no hesitation in ordering, that there be, in this case,

*Judgment on the verdict.*