## Josiah Bean, appellant, *versus* Benjamin Burleigh.

When an appeal from a decree of a judge of probate is granted by this court, upon a petition for that purpose, under the statute of July 2, 1822, nothing is open to objection in the proceedings of the court below, upon the hearing here, except the grievances alleged in the petition, as the *reasons* of the appeal.

This was an appeal from a decree of the judge of probate, in this county, made on the 20th May, 1823. No appeal was claimed from the said decree within sixty days from the time of making the same, but the appellant, Bean, presented to this court, here, at May term, 1825, a petition, in which he alleged, that he was guardian of four children, heirs of John Smith, late of Holderness, deceased,—that one Thomas Burleigh had been guardian of the same children, during the years 1819, 1820, and 1821,—that the said Thomas received property belonging to his said wards for which he ought to have accounted—that the said Thomas, during the time of his said guardianship, exhibited to the judge of probate two several accounts for his services and expenditures as guardian, in which there were charges for the support of the said wards, during the years 1819, 1820, and 1821—that on the 26th March, 1822, the said Thomas exhibited his last account as aforesaid, which was allow-

ed by the judge of probate—that in June, 1822, said Thomas, guardian as aforesaid, died, and Benjamin Burleigh, the appellee in this case, was made executor of his last will—that on the 20th May, 1823, the said executor presented to the judge of probate a further account of the guardianship of the said Thomas, deceased, against each of said wards, in which accounts the said executor charged the said wards for their support during the years 1819, 1820, and 1821, being the same support for which said Thomas was allowed, in his account exhibited March 26, 1822, and should not have been allowed again, but which was allowed in said account exhibited by said Benjamin,—that the said Benjamin, after the death of the said Thomas, and prior to May 20, 1823, when he exhibited said accounts, misappropriated the property of said wards, then in his hands, and refused to account for the same—and that at the time the said accounts of the said Benjamin were allowed as aforesaid, on the 20th May, 1823, the said wards were all minors, under the age of twenty one years, and no one of them had a guardian, and the petitioner prayed leave to enter an appeal from the decree of the judge of probate, allowing said account, on the 20th May, 1823, in the same manner as if an appeal had been claimed within sixty days from the time of making said decree.

Upon the said application, an appeal was allowed and the cause was brought to this court, and referred to an auditor, who, at May term, 1828, reported, that there was in the hands of the appellee, as executor, the sum of $689, which belonged to the said wards.

In the account rendered by Thomas Burleigh, and allowed by the judge of probate, on the 26th March, 1822, there was no charge, whatever, for the support of the said wards, but there was a charge in the following terms :—" to taking care of the cattle, children, &c. for 1821, $30," which was allowed.

*N. P. Rogers* and *Bell*, for the appellee, now moved the court to dismiss the appeal, on the ground that it had

Bean
*v.*
Burleigh.

been improvidently allowed ; the reasons alleged in the said petition for an appeal, appearing to be altogether groundless.

*Haddock* and *Woodbury*, for the appellant, contended, that the cause having been brought to this court by appeal, every claim which the said wards might have against the appellee, was to be examined and allowed, and that the enquiry was not to be confined to the grounds and reasons of the appeal stated in the petition on which the appeal was allowed.

RICHARDSON, C. J. delivered the opinion of the court.

The first question to be settled in this cause is, whether the decree of the court below, can be, on this appeal, impeached, for any other reasons than those stated in the petition, on which the appeal was allowed ?

The statute of July 2, 1822, regulating appeals from decisions of judges of probate, provides, that appeals may, in certain cases, be claimed to this court from decisions of the judges of probate, provided such appeal be claimed within sixty days from the time of making the same, in writing, signed by the party appealing, "setting forth his interest therein and the reasons of his appeal." The same statute further provides, that after the expiration of the said sixty days, and within two years therefrom, any person aggrieved by any such decision of a judge of probate, and who was not prevented from appealing by his own neglect, but through mistake, accident or misfortune, may petition this court, " setting forth his interest, his reasons for appealing, and the causes of his delay ;" and if it appear " that the petitioner has not unreasonably neglected to appeal, and that injustice has been done by such decision of the judge of probate," this court may grant an appeal, and such appeal " shall be heard and tried under said petition."

Such are, in substance, the provisions of the statute, and we are of opinion, that nothing in the proceedings in the court below is open to objection here, except the

grievances alleged in the petition as the reasons of appeal. The statute declares that the reasons of appeal shall be stated in the petition, and that the appeal shall be tried under the petition. The meaning of this seems to us to be, that the matter of the petition shall be the subject of the adjudication in this court. The appeal is to be granted only in cases where injustice has been done in the court below, and it is required, that the reasons of the appeal be stated in the petition, that the court may see whether injustice has been done. If, upon an examination of the subject, any grievance is found to be alleged in a petition and to be proved as alleged, an appeal is granted for the purpose of correcting the error. And it seems to us, from the very nature of the case, that the hearing must be confined to the grievances alleged in the petition.

This construction of the statute appears to us to be perfectly reasonable. It is certainly proper that the party applying for an appeal should state enough in his petition to show the nature of his case, that the other side may be prepared to answer it. And this imposes no hardship upon him who asks for an appeal, because he is at liberty to state as many reasons as he chooses, and to bring into litigation here every part of the proceedings in the court below.

There is another reason why this construction of the statute should be adopted. In many cases, as in settling of accounts in the probate court, there may be questions to be settled, some of which may be there settled in a manner perfectly satisfactory to both parties, and others not.

Surely, if the parties are at liberty to have those parts of the proceedings in the court below, by which they are aggrieved, brought here and revised and corrected, it is all they need. But a revision of those parts of the proceedings which have been properly settled would be only a useless and idle expense.

VOL. I.          70

It may also be remarked, that the nature of the grievance should be stated in the petition, that the foundation of any decree that may be made in the cause may appear upon the record.

This being our opinion upon that point, it remains to enquire, whether the reasons for the appeal stated in the petition can now be considered as groundless. There are two reasons stated.

1st, That charges were allowed by the decree from which this appeal is taken which had been previously allowed by a decree made upon the 26th March, 1822.

2d, That the appellee, after the death of his testator, the former guardian, and prior to the time when the appellee presented to the judge of probate his said accounts of his testator's guardianship, misappropriated the property of said wards, then in his hands, and has refused to account for the same.

It does not appear whether the property mentioned in the second reason was ever in the hands of the testator, or whether it came to the hands of the executor after the decease of the testator, and without ever having been in the hands of the latter. If the property was never in the hands of the testator, it is clear, that this appellee stands in no relation to these wards, with respect to the property, which can render him liable to account for it in the probate court. The jurisdiction of that court rests entirely upon the circumstance, that the testator was liable to account for the property as guardian. If the testator was never accountable, the executor, as such, can never be made to account for it. He may be liable to an action at common law, but the court of probate has no jurisdiction.

On the other hand, if the property was ever in the hands of the testator, this reason for the appeal is not sufficient to sustain it, because it is not alleged, that any decree was made in the court below upon the subject, or that any claim was made there on this ground. We are, therefore of opinion, that this reason for the appeal is on the face of it groundless.

But the first reason for an appeal seems to us not to be liable to this objection. It is on the face of it sufficient in law, but the objection to it is, that it is not well founded in fact. And we are of opinion that the appeal can not be dismissed as having been improvidently granted, merely because the appellee has failed to prove to the satisfaction of the court the reasons of appeal stated in the petition.

But if the reasons stated are not legally proved, the appellant must fail in his cause.

The allegation in the first reason of the appeal is, that charges then allowed had been previously allowed in an account presented to the judge of probate on the 26th March, 1822. This allegation can be proved only by a decree made upon the account thus alleged to have been presented to the judge of probate, on the said 26th March, 1822. We have decided that we can take no notice of any thing done in the probate court which does not appear of record. 3 N. H. Rep. 309 *The Judge of Probate* v. *Briggs.*

A decree of the court below on that account is produced. But it does not sustain the allegation. We cannot understand a charge for taking care of children and cattle, to be a charge for their support.