## POPLIN *vs.* HAWKE.

The power and capacity of devising, the sanity of the testator, the due attestation, and all questions relating to the validity of a will, are proper subjects for the consideration of the probate court ; and the probate of the will, so long as it remains unrepealed, is conclusive upon such questions.

In order to gain a settlement by having real estate, under the fourth mode prescribed in the statute of January 1, 1796, the value of the interest which the party owns must amount to one hundred and fifty dollars.

ASSUMPSIT for the support of Moses Thom and family, paupers, alleged to have their settlement in the town of Hawke.

The cause was tried upon the general issue, and a verdict taken for the plaintiff, subject to the opinion of this court upon the following case.

It was admitted that Moses Thom was once settled in Hawke—that he and his family were poor and stood in need

of relief—and that they had been supported by the town of Poplin, as stated in the declaration, of which Hawke had had legal notice. But the defendants contended that said Thom was now legally settled in Poplin.

It appeared that Abigail Thom and Betty Thom were seized of a tract of land in Poplin, of the value of $238, on which they resided previous to the year 1816. About that time Moses Thom, the pauper, married the said Betty Thom, and Israel Graves married the said Abigail, and both Thom and Graves resided upon the land afterwards.

Abigail Graves died in 1819, having by her will, which has been duly proved and allowed, devised the income of her interest in the land to Moses Thom, from and after the death of her husband and her sister, the said Betty, to hold during the life of the said Moses. The said Israel Graves died in 1821.

Betty Thom, the wife of said Moses, died in 1820, having had no children, and having by her will, which has been duly proved and allowed, devised all her interest in the said land to the said Moses, to hold during his life.

Since the death of Graves, in 1821, said Moses Thom has been in possession of the land, and managed it as his own.

The plaintiffs contended that the land could not be considered the real estate of said Moses, so that he could gain a settlement in Poplin by residing upon it four years and paying all taxes assessed upon his poll and said estate.

*Tilton* and *Bartlett,* for the defendants, cited 1 *N. H. R.* 63, *Charlestown* vs. *Acworth ;* 11 *Mass. Rep.* 327, *Conway* vs. *Deerfield ;* 13 *Mass.* 462, *Sudbury* vs. *Stow ;* 4 *Mass.* 384, *Windham* vs. *Portland ;* 4 *Dane's Dig.* 414.

*Sullivan* and *Bell,* for the plaintiffs, cited 2 *N. H. R.* 401, *New-London* vs. *Sutton ;* 3 *N. H. R.* 349, *Rochester* vs. *Chester ; Powell on Powers* 54.

PARKER, J. The first question in this case, is, whether Moses Thom, the pauper, took any thing under the last wills of Abigail Graves and Betty Thom. These wills were made during the lives of their husbands; and it has been settled in this state, on an appeal from a decree of the probate court, that a married woman has not power to devise lands by will. *5 N. H. R.* 205, *Marston* vs. *Norton.* If, then, the question were on the allowance of the wills of Abigail Graves and Betty Thom, it must be held that they had not power to devise, and the instruments be rejected. But both these wills have been allowed and approved in the probate court. The decrees of allowance stand unreversed, and those interested in the estate have taken no appeal. Can we in this case hold, under these circumstances, that the land has not passed, the heirs at law having made no objection, and the exception being taken by those who have no interest in the land?

The statute of February 16, 1791, did not declare, in express terms, the effect of a decree of the probate court, allowing and approving of a will purporting to contain a devise of real estate. But, from the provisions of the act, it is not to be doubted that it was intended the decree, unless appealed from, should be conclusive in passing the title of the estate, according to the provisions of the will, and bind all persons interested. The construction of those provisions may come up incidentally in suits at law, but the power and capacity of devising by any person seized; the sanity of the testator; the due attestation, and all questions relating to the validity of the will itself, are proper subjects of adjudication, upon the hearing, when the will is presented for probate. This must necessarily be the case. The probate court had jurisdiction to order partition of the real estate, according to the will of the testator, which partition when returned and accepted was to be valid in law to all intents and purposes. *N. H. Laws* (ed. 1815) 201. Also to assign to a posthumous child a share in the estate equal

to what he or she would have inherited had the father died intestate ; and the same was to be taken in proportion from the devisees and legatees who own the estate by virtue of such will.    Also to assign a share to children and their representatives not named, in certain cases.    *Ibid.* 198.    Also to license the executor to sell real estate in certain cases. *Ibid* 217.

Great confusion would follow if, after proof of a will, license to sell in the probate court, assignment to children, and partition, among the devisees, of the residue, it was still competent for any one who might be dissatisfied, to try an issue *devisavit vel non* in a suit at common law.

The statute of July 2, 1822, passed on a revision of the probate laws, after prescribing the mode of execution, contains a provision that " every will so executed, when duly proved, shall be effectual to establish the intentions of the devisor, agreeably to the rules of law ; and the estate shall be distributed accordingly ;" but this only enacted in express terms what must have been the intention and construction of the former statutes.    Should a will be rejected and disallowed when offered for probate, it would be clear that no title could afterwards be set up under it.

In Massachusetts the very question now under consideration has been settled upon their statutes.    In *Osgood* vs. *Breed*, 12 *Mass. R.* 531, on appeal from the probate court, the question being whether the will of Mary White, who was a feme covert at the time of its execution, should be approved and allowed, Mr. Justice Jackson, in delivering the opinion of the court, says—" By our laws the probate of ' a will is conclusive as to real as well as personal estate ; ' and if this should be approved and allowed in the probate ' court, it could not afterwards be questioned whether Mary ' White was legally capable of devising the land in Charles- ' town."    And the general principle, that the probate of the will is conclusive, is also settled, 16 *Mass. R.* 441, *Dublin* vs. *Chadbourne ;* and 1 *Pick. R.* 535, 547, *Laughton* vs.

*Atkins.* And a will which has not been proved is inadmissible as evidence of a title to land. 1 *Pick.* 114, *Shumway* vs. *Holbrook.*

The objection suggested by counsel, that the decree should not be held conclusive, because married women may make a valid devise under a power, and it may therefore in some cases be necessary to allow a probate, cannot avail. In such case there may be a special qualified probate. 12 *Mass.* 533.

The wills of Abigail Graves and Betty Thom, then, having been allowed and approved in the probate court, are conclusive upon the first question. If the probate of those wills is still the subject of reëxamination in the probate court, upon the application of the heirs at law, and the estate taken under them by the pauper is liable to be defeated, that cannot alter the case, as he was seized and possessed under a title apparently legal, and that title may never be contested. "It is sufficient that the pauper should appear by the record, and by possession, to be the lawful owner; and although his title may be defeasible, it is good until defeated." 11 *Mass.* 333, *Conway* vs. *Deerfield.* So it is sufficient for the purposes of settlement if he has the equitable title only, and not the legal title. 14 *Johns.* 469, *Overseers of Whitestown* vs. *Overseers of Constable; vide also* 5 *Pick.* 449, *Mansfield* vs. *Pembroke.*

But here another question arises. In order to give Moses Thom a settlement in Poplin, he must have had real estate of the value of $150 during the term.

The whole value of the land which belonged to Abigail Graves and Betty Thom is found to have been of the value of $238. But the devise in the will of Abigail Graves is of the income of her interest in the land, after the death of Betty Thom and Israel Graves, to hold during the life of said Moses. And the devise in the will of Betty Thom to said Moses is of all her interest in the land, to hold during his life.

If these wills are now to be held valid, Moses Thom, by virtue of them, took only a life estate in the premises, and it is not found whether this was of the value of $150. It would seem probable that it was not. The interest he claimed in the land must have been of the value of $150, —otherwise he gained no settlement in Poplin. 6 *Mass. Rep.* 50, *Groton* vs. *Boxborough* ; 7 *Mass.* 3, *Granby* vs. *Amherst ;* 11 *Mass.* 327, *Conway* vs. *Deerfield.* For the purpose of inquiring into this matter, there must be a

*New trial.*