## HUBBARD, App't, *vs.* WOOD.

An allowance made by the judge of probate to a widow, for her "present support," under § 1, ch. 165, of the Revised Statutes, is intended by the statute to be for her support immediately after the death of her husband.

The judge of probate has no authority to decree an allowance to the widow, after the lapse of four years from the death of her husband.

APPEAL from a decree of the judge of probate for this county. The following facts appeared in evidence.

Luther E. Stevens, of Claremont, died in the month of September, 1839, leaving a widow, Joanna S. Stevens, now Joanna S. Wood. By his will she was made his executrix, but she declined the trust, and Ambrose Cossit was appointed administrator with the will annexed, on the 28th day of September, 1839. The estate was administered in the insolvent course. The claims proved before the commissioners amounted to $15971.00, and the avails of the sales in the hands of the administrator amounted to the sum of $7908.72. The dividend to the creditors was 49½ cents on the dollar.

On the 19th day of February, 1840, the widow waived the provision made her by the will, and in the course of that month her dower was set off.

On the 21st day of June, 1843, she petitioned the judge of probate for an allowance, representing that the testator " was manifestly deceived in the condition of his estate, whereby the provision made her by the will was materially affected," and the sum of one hundred dollars was decreed her, on the 18th day of October, 1843, " for her present support and comfort."

From this decree an appeal was taken by Isaac Hubbard, a creditor of the deceased, and the following were stated as reasons for the appeal.

1. Before the decree of allowance was made, the appellee married Mr. Wood, and is now amply provided for.

2. The petition for an allowance was not made until after all the personal estate was sold, the account of administration rendered, and a decree of distribution made.

Hubbard v. Wood.

3. Dower has been assigned and set off to the appellee, which is sufficient for her comfortable support and maintenance.

4. The appellee was not entitled by law to an allowance.

*Freeman,* for the appellant.

*Leland,* for the appellee. 1. The appellant assigns as a reason, that prior to the decree of allowance she married Mr. Wood, and is now amply provided for.

This application is made under the provisions of the 17th section, page 337, *N. H. Laws,* (*Ed. of* 1830,) where the wife waives the provision made for her in the will.

The insolvency in fact of Stevens is one of the strongest reasons in her favor, as without an allowance she would be perfectly destitute.

This is a right which accrues on the death of the husband, and that right can be enforced at any time before the estate is finally closed, and her intermarriage with another man no more affects or abrogates that right, than her being supported by her friends.

The statute declaring that the allowance is "*for her present support and comfort,*" is not rendered nugatory by delay, or her obtaining support otherwise; it is a support which she is entitled to when she calls for it.

2. The appellant complains because she did not petition till after all the personal estate was sold, and the administrator's account rendered, and a decree of distribution.

This is a broad statement, and, if the facts would warrant the reason assigned, there might be some plausibility in it.

Stevens died September 9, 1839, leaving a will; his wife was appointed executrix; on the 18th of September she declined administering; on said 18th of September, Cossit was appointed administrator with the will annexed; on the 15th of October, 1839, the inventory was returned.

| | |
|---|---|
| Real Estate, | $10241.00 |
| Personal Estate. | 8884.82 |
| | $19125.82 |

On the same 15th of October, 1839, the administrator represented the estate insolvent. At the same court, October 15, 1839, license was granted to sell personal estate. On the 5th, 6th, 7th, 8th, and 9th of November, and 6th and 7th of December, most of the personal estate was sold.

On the 15th of October, 1839, commissioners were appointed, and had their first meeting December 30, 1839. The whole amount of claims allowed was $15971.01.

She waived the provisions in the will, February 19, 1840, and claimed her dower at the same time.

License for sale of real estate, October 20, 1840.

| | |
|---|---|
| The whole Inventory was | $19125.82 |
| Loss on personal and real estate was | 8838.37 |
| | $10287.45 |
| The debts proved amounted to | $15971.01 |
| The estate was only | 10287.45 |
| Leaving a deficit of | $5683.56 |

As the estate was insolvent in fact, the estate, both personal and real, was in the hands of the administrator as assets, and on the sale became personal property, and there could be no distinction. And it is to be remarked that the sale of the personal property in the inventory was made before she waived the provisions in the will, so that after the sale it was personal estate, and as such the inventory should now be regarded.

The administrator rendered his first administration account March 17, 1841. There being a balance in his hands of $7908.72, a decree of distribution was then made of 49½ cents, and he has now in his hands, to be accounted for, $1683.77. Therefore the facts do not sustain the reasons assigned in the second objection. But the avails of the sales of the personal property are more than sufficient in the hands of the administrator now.

3. The appellant objects, and assigns as his reason, that she has taken her dower, and that is sufficient for her comfortable support and maintenance.

Supposing it were true, it is no bar to this claim. This claim is created for other purposes, expressly or by the statute ; and it is an allowance discretionary with the judge, and is made for her proper and comfortable support out of the personal estate of her husband, and is frequently granted liberally when the estate is solvent, and the widow well endowed.

But here are the facts :

| | |
|---|---:|
| She was endowed in 7½ acres in the Meadow Lot, so called, which she sold at | $200.00 |
| In a small house on Sullivan St., sold at | 280.00 |
| She sold her right in dower of the equity in Sart-well's house, | 150.00 |
| | $630.00 |

This is all ; the net income of which, at 6 per cent. is $37.80.

4. He objects, and assigns as a reason, that she is not entitled by law to an allowance.

If she was his wife, and he died her lawful husband, which is abundantly proved and is not denied, then the judge had this right, and could and did exercise it.

GILCHRIST, J. It is unnecessary in this case to consider any other than the fourth reason for the appeal ; for if the question whether the appellee be legally entitled to an allowance, be answered in the negative, the other reasons will become immaterial.

The law by virtue of which this allowance was made, is the 1st section of ch. 165 of the Revised Statutes. This section provides that the judge of probate may make to the widow of an intestate a reasonable allowance out of the personal estate, for her " present support." It purports to have been made under the 17th section of the act of July 2, 1822, *N. H. Laws* 337, (*Ed. of* 1830,) which contains a provision that an allowance may be made for the " present support and comfort" of the widow, and a " similar allowance" where it is manifest that the testator was deceived in the condition of his estate. But that section was repealed, with the act of which it is a part, when the Revised Statutes were enacted, and neither that nor a similar provi-

sion was in existence when the petition and decree in this case were made. If, then, the decree can be sustained, it must be under the section first above mentioned. The words " present support" occur in both statutes, and must be construed alike.

It has been a prevalent impression that at any time before a final decree of distribution it was competent for the judge of probate to decree an allowance to the widow, however long a period might have elapsed between the death of her husband and the time when the allowance was petitioned for. It appears to have been thought that the widow in her forlorn condition was an object for the kindness and charity of the court, rather than a person whose rights were defined by law, and for whom the law had made a reasonable provision. Perhaps the error, if one must exist, has been in the right direction; but there need be no error where the statute is administered with proper reflection. The allowance is made for the *present support* of the widow; that is, for her support presently upon and immediately after the death of her husband; at a time when the affairs of the estate are not supposed to have been examined, and when there is no specific property which the widow has a right to appropriate for her support. By the common law no such provision was made for the widow, unless we may so regard that clause in *Magna Charta*, by which she had a right to remain in her husband's capital mansion house for forty days, during which time her dower was to be assigned. The statute intends the allowance for the supply of those present and immediate wants for which she has in general no other resource immediately upon the decease of her husband. In the present case it was made four years after the death of the appellee's former husband, and we think the judge of probate had no power to make it after so long a time had elapsed. It was made, also, after the sale of the personal estate and a decree of distribution; and these facts would deserve consideration in determining the question before us, if the time when it was made were not a sufficient reason for our conclusion.

*Decree reversed.*