# STRAFFORD,

## JULY TERM, A. D. 1850.

---

## MATHES *v.* BENNETT, Adm'x.

A person died intestate, leaving a daughter, who died, leaving children. *Held*, that the children had such an interest as authorized their guardian to appeal from the decree of the judge of probate upon the account of the administratrix of their grandfather.

Where there is only one heir at law to an estate, to whom the residue belongs after payment of the debts, and out of which she is to be supported, there seems to be no reason why a balance should be struck when she becomes seven years old, and interest cast thereon from that time against the administratrix.

Where a balance has generally been due the administratrix, on her account, for expenditures for the support of the heir at law, who was her ward, larger than *the balance in her hands as administratrix, interest will not be charged against* her.

In an appeal from a decree of the judge of probate, the appellant is restricted to such matters as are specified in the reasons for the appeal.

An allowance to a widow is made for her "present support," by the Rev. Stat.; that is, for her support presently upon, and immediately after the death of her husband. It is not a free gift to the widow, but is intended to enable her to support herself until her interest in the estate can be set out to her.

The judge of probate has no authority to decree an allowance to a widow after the lapse of thirty years from the death of her husband.

But where a decree making an allowance many years after the death of the husband has not been appealed from, it is conclusive; and the administratrix is entitled to retain the sum decreed her, and to charge it in her account.

Sect. 1, ch. 165, Rev. Stat., which enacts that the whole of an allowance, or such part thereof as the judge may deem reasonable, shall be accounted as part of the distributive share of the widow, leaves the matter to the discretion of the judge of probate; and with the exercise of his discretion upon this subject, this Court will not interfere.

The report of an auditor, to whom an account has been committed for examination and report thereon, is *prima facie* evidence that the amount therein stated is correct.

Mathes *v.* Bennett, Admr'x.

The decree of a judge of probate is vacated by an appeal, and a new decree, affirming or reversing the former one, must be made by this Court.

Where the appellee, in an appeal from the decree of a judge of probate, has prevailed in relation to the most important matters in controversy, the appellant is not entitled to costs; but the parties must pay their own costs respectively.

APPEAL from the decree of the judge of probate, upon the account of Catharine Bennett, the administratrix and formerly the widow of Joseph Stevens, deceased, who died in March, 1816. The case was referred to H. F. French, Esq., as auditor, from whose report the following facts appeared.

Joseph Stevens left one child and heir at law, Lydia Ann; who was born on the 11th day of March, 1811. She married Reuben Mathes, the appellant, on the 11th day of December, 1831, and died in the year 1844. Her mother, Mrs. Bennett, was appointed her guardian on the 25th day of November, 1817.

The appeal was taken by Reuben Mathes who is the guardian of Sarah Jane, Joseph S. and Adelaide Mathes, children of himself and Lydia Ann, and grandchildren of Joseph Stevens.

The administratrix returned an inventory of the estate of Joseph Stevens as follows:

| Personal Estate | 754.96 | of which there was in notes the sum of | 219.08 |
|---|---|---|---|
| Real Estate | 1,777.00 | Cash | 18.00 |
| | $2,531.96 | | $237.08 |

She rendered one account only, which was settled on the 5th of January, 1847.

The appeal states that the children are heirs at law of Joseph Stevens and interested in his estate.

The appellant stated the following reasons for the appeal:

1. Because the administratrix was not charged with interest upon the balance found due from her to the estate.

2. Because she was allowed the sum of $259.51 for expenses of administration.

3. Because she was allowed the sum of $150 out of the personal estate.

4. Because the balance of $360.15, found due from her to the estate by the decree, was too small.

5. Because, in the decree of distribution, the allowance of $150, made her, was not accounted as part of her share of the balance aforesaid.

By the decree, there was found in her hands a balance of $360.15, of which she was allowed to retain, as her distributive share, one third part, being the sum of $120.05.

In relation to the interest, the auditor reported that a balance had generally been due her on her account for expenditures for the support of Lydia Ann, the only heir at law, and that therefore, in stating the account, he had charged her with no interest. In the account, the administratrix charged the estate with the sum of $63 for the expenses of setting out her dower, of which the auditor allowed the sum of $53. He reported that the appellant contended, that by her marriage with Bennett in 1820, her trust was extinguished; that all charges, except the necessary expenses of settling her account, after that date, should be rejected; and that for this reason, as well as because the proceeding was for her own benefit solely, the charges for assigning the dower should be disallowed.

The allowance of $150, above stated, was made by the judge of probate on the 5th day of January, 1847.

Various other matters were stated in the report of the auditor, which were not insisted on nor referred to in the argument for the appellant, and which therefore need not be recapitulated, excepting the fact that the judge of probate charged her with interest upon the notes which were included in the inventory, from their dates up to the time the inventory was taken.

The auditor reported that he found due from the administratrix a balance of $257.44, with which she was chargeable as guardian of Lydia Ann Mathes.

*Stickney & Tuck,* for the appellant.

1. The first point we make is, that the administration account should be made up, and the balance struck, as of March 11, 1818, when the heir and only child was seven years of age and there would be no farther claim against the estate; and that interest should be cast on the notes contained in the inventory,

Mathes *v.* Bennett, Admr'x.

from the time the inventory was taken to March 11, 1818. The notes, as stated by the auditor, were $219, and the judge of probate charged her with interest on the notes up to the time when the inventory was taken. As the notes were on interest, and she must have received interest upon them, it is just and reasonable that she should, at least, be charged with interest on the notes, if not upon the other property in her hands. The law and her bond required her to settle her account in one year, and there was nothing in the condition of the estate to prevent it ; and if she had settled her account in one year, as it was her duty to do, she would have been clearly chargeable with interest on the whole balance in her hands. This balance of her administration account should be carried to her guardianship account, as of that date, March 11, 1818.

2. The second point is, that by the marriage of the administratrix with Mr. Bennett, in the spring of 1820, her trust as administratrix was extinguished. By a statute of this State passed in 1792, (N. H. Laws, 215, ed. 1815,) it is enacted, " that if any executrix or administratrix hereafter appointed shall marry during the continuance of her trust, such marriage shall not make her husband executor or administrator in her right, but shall operate as an extinguishment of such woman's power." This statute was in force when the administratrix married Mr. Bennett. By her marriage, therefore, all her power as administratrix was extinguished. She could then do no act to charge the estate ; she was the same in that respect as if she had never been administratrix, or as any stranger. *Field & Ux.* v. *Torrey,* 7 Verm. Rep. 372. This necessarily cuts off or excludes all the items in her account which accrued subsequent to her marriage, with the exception, perhaps, of the reasonable expenses of settling her administration account. We object, therefore, to all the items in her account which accrued subsequent to her marriage. She was not then administratrix, and had no more right to charge or bind the estate than any stranger ; the relation of administratrix did not exist, and the Probate Court have no jurisdiction over transactions of the administratrix after that relation has ceased. All the expenses

of assigning dower, which was for her benefit, were incurred when there was no administrator upon the estate, and, of course, stand in the same situation as they would if dower had been assigned before any administration on the estate.

3. The third point is that the judge of probate improperly and unlawfully made an allowance to her of $150, out of the personal estate. The allowance was made January 5, 1847, at the same time that the account was settled, and in the same decree. The first objection which we make to this allowance is, that the judge of probate was not authorized, by the laws in force at the time of her husband's death, to make an allowance in a case like this. Her husband died in March, 1816. The law then in force, (N. H. Laws, 207, ed. 1815,) provided that where the personal estate should be insufficient to pay the debts and funeral charges; the widow should be entitled to her apparel and such other personal estate as the judge of probate should think necessary, according to her quality and degree. The only case in which the judge was then authorized to make an allowance, was where the personal estate was insufficient to pay the debts and funeral charges. The report in this case finds that the personal estate was much more than sufficient to pay the debts and funeral charges. Her rights and the rights of the heir are to be determined by the law as it was when their rights accrued at the death of her husband, and not by the law as it was in 1847, when the allowance was made. This allowance therefore was wrongfully made ; the judge had no right to make it ; he had no jurisdiction in the matter.; the allowance was a nullity and void, and it should not have been made to her on the settlement of her account. The second objection to this allowance is, that the judge of probate was not authorized, by our present laws, to make the allowance. The Revised Statutes, ch. 165, § 1, authorizes the judge to make to the widow a reasonable allowance out of the personal estate for her *present* support. This allowance was made more than thirty years after her husband's death and her appointment as administratrix. It was not and could not be considered for her *present* support. The allowance is to be taken by the widow out of the personal

estate. In this case the personal estate was disposed of long ago. Suppose another person had been appointed administrator and had disposed of all the personal estate, how could an allowance be made to her out of personal estate which did not exist? Another objection to this allowance is, that it was made after her trust as administratrix was extinguished. Her account must be settled according to her rights in 1820, when she was married and ceased to be administratrix.

4. The fourth point is, that the whole or part of the allowance to the widow, even if it had been properly made, should have been accounted in the decree of distribution, as part of her distributive share of the personal estate. The Revised Statutes, ch. 165, § 1, provides, that in the decree of distribution of the estate, " the whole or such part thereof (being the allowance to the widow) as the judge may deem reasonable, *shall* be accounted as part of her share." The same decree which settled the account and declared the balance in the case, made distribution of the estate and gave to her one third part without regard to the allowance which had been made to her. We contend that the whole or part of said allowance should have been accounted as part of her distributive share. The language of the statute is *shall*, making it imperative upon the judge. The language of the old statute was *may*, leaving it discretionary with the judge. (N. H. Laws, 337, ed. 1830.) But whether imperative or not, it was certainly within the power of the judge to consider the whole or part of the allowance as so much of her distributive share; and this Court being the Supreme Court of Probate, has the same power; and if they are of opinion that the allowance was made improperly, without authority of law, as it is believed they must be, they would of course take the allowance or part thereof, out of her distributive share; so that the effect would be the same as if it had not been allowed to her. It is only taking out what should not have been allowed to her at all. We think the allowance in this case may, and should, be treated as a nullity. The law at that time, it is clear, did not give to the widow any such rights. It gave her only one third part after the payment of debts and expenses, and the

16 *

rest to the heirs. The judge could not take property from the heirs and give it to the widow in this manner; and if he assumes or undertakes to do it, he is clearly acting without authority of law and beyond his jurisdiction, and all his acts in that respect are a nullity and void. The law then in force settled what should go to the widow and what to the heir. Their rights to the personal estate became vested in them respectively. The widow had a right to one third without any allowance, and the heir to two thirds; and the judge clearly could make no different distribution. This allowance, therefore, should be either struck out of the account, or taken out of her distributive share. If it be not done, but the account is allowed to stand as it was settled by the judge, it will be taking so much out of the heir and giving it to the widow, without authority of law. The administratrix contended, before the auditor, that she was not bound to render any account, on account of the lapse of time since she was appointed. It is a sufficient answer to this, that she went before the Probate Court, and filed her account and settled it without making any objections. That is sufficient to remove any presumptions that might otherwise arise that she had settled her account or had been discharged.

*Christie*, for the appellee.

The appeal in this case is taken by Mathes as guardian, on the allegation and ground that his wards are heirs at law to the estate of Joseph Stevens, the said Catharine's intestate, and thus interested therein, and consequently, entitled to claim this appeal. This appears by the copy of the claim of appeal. But the auditor's report shows that the said Mathes's wards are not heirs at law to, or of, the estate of said Joseph Stevens, and that they never inherited any thing from him, or had any interest in his estate, or in the settlement of this account as his heirs. We therefore submit that the appeal was improperly taken and should be dismissed, with confirmation of the judgment or decree below and costs for the appellee. *Downing* v. *Porter*, 9 Mass. 386. If we are sustained in this view, we need say no more, nor attempt any reply to the appellant's objections. But not

knowing what view may be entertained upon this point, we proceed to state briefly our reply to the arguments and points made by the counsel for the appellant.

1. The first point made by the counsel is, " that the said Catharine, administratrix, should have been charged with interest on the balance of her account, made up as of the 11th of March, 1818," &c. The question of interest is one to be settled upon due regard to all the facts and equities of the case, and is entirely within the discretion of the Court, who should and will, so order the matter in this behalf, that justice shall be done to all as far as may be, and wrong to none. The auditor finds, " that a balance has generally been due said administratrix, on her account for expenditures for the support of Lydia Ann, the only heir at law, larger than the balance in her hands as administratrix, and therefore has charged her with no interest," &c. This is the auditor's reason for not charging her with interest, as it doubtless was in the court below. The administratrix, being also guardian of the sole heir, is allowed no interest in her guardianship account or anywhere else for these "larger advances" made for her ward. Nearly all the charges and credits, in both accounts, ceased about the time of the marriage of the heir and ward in the fall of 1831; and as the accounts were settled by the judge of probate, and as they have been stated by the auditor, a large balance has been, from that time, due the appellee upon the adjustment of both accounts; on which balance she loses the interest from that time, which we conceive and submit should have been, and should now be, allowed to her. If it be not, as the accounts have been settled, she loses in interest far more than the whole balance found due her. On the question of interest, the appellee has great reason to complain of the judgment below. But far otherwise the appellant; he has, certainly, no reason for complaint on this behalf.

2. The second point taken by the counsel is, " That by the marriage of the administratrix with Mr. Bennett, in 1820, her trust, as administratrix, was extinguished." Our answer to this objection is, that it is not covered or embraced by any, all, or either of the reasons assigned for the appeal, and is therefore

not now, or here, open or available to the appellant. "No obligation can be here heard or entertained, which is not embraced by the reasons of appeal." "The appellant is confined here to the matters specified in his reasons of appeal." *Boynton* v. *Dyer*, 18 Pick. 1 ; *Bean* v. *Burleigh*, 4 N. H. Rep. 550. By this rule of law, in the present instance, no wrong is done ; but, in fact, the appellant is thereby prevented from doing great injustice to the appellee.

3. The counsel's third point is, "That the judge improperly allowed to her $150, out of the personal estate, for her present support, the allowance being made January 5th, 1847, at the time the account was settled, *and in the same decree*." Our answer to this is, that the allowance of $150 was *not made* "in the same decree," meaning the decree upon the settlement of the account of administration, and which was appealed from ; but was made on the separate petition of the appellee, by an entirely separate and independent decree of the judge thereon ; as will fully and clearly appear by a copy of said petition and the decree thereon, herewith presented and submitted. And that from this decree, making said allowance, no appeal has ever been taken or claimed ; and it is therefore now in full force, and binding on all concerned, and who might have appealed therefrom, but have not. This view covers and meets, we think, all the objections to the making of this allowance originally. Judges of probate having jurisdiction in all probate matters, their decisions are conclusive if not appealed from. We therefore, at present, make no further reply to this point ; though we think other answers may be made to some, if not to all, the objections touching this point.

4. The fourth objection is, "Because, in the decree of distribution of the estate, no part of the allowance made to the widow was accounted as part of her share." Our answer to this is, that this was a matter entirely within, and at, the discretion of the judge of probate ; and he having exercised that discretion honestly, and as we think discreetly, the Court here, we contend, cannot, certainly *will not*, revise or overrule the exercise of that discretion. We think there was no design by the change of the

Mathes *v.* Bennett, Admr'x.

word "*may*" to "*shall*," as mentioned by the counsel, in the revision of the statutes, to alter the law, or the practice of the courts in this matter. As far as we have been able to learn, there has been no change in the practice of the probate courts, on this account.

The second and fourth reasons of appeal are insufficient and void, for that they are too loose, vague and general, containing nothing specific, and amounting to nothing more than that the result *is wrong.* The reasons of appeal should contain something specific and tangible, which informs the other party what in particular is the ground of appeal or objection. If we are right in this, the only inquiries open on this appeal, must arise out of the first, third, and fifth reasons of appeal. The first relates only to the question of interest; the third to the allowance of $150; and the fifth to the inquiry whether the administratrix should have been, in the distribution, charged with all, or any part of said $150, as part of her share of the estate. The decree or decision of the judge of probate, can be altered only in some, or all of these three particulars; in all other respects his decision is conclusive, not being in fact complained of or appealed from. Therefore, though the auditor has gone into and reported upon the whole account, the Court will disregard all but what relates to one or other of the three matters aforesaid; and in all other particulars allow the decision of the judge of probate to remain unaltered. If so, all parts of the report, other than those relating to the question of interest, or the allowance, are unimportant and need no consideration, and the judge's decision thereon will be sustained and confirmed. But if we are wrong in this, and the whole matter is to be inquired into, we contend that upon the evidence, as reported by the auditor, the administratrix should be allowed her charges for commissions, and for tending the cattle from the time of the death of the intestate to the time of the appraisal.

GILCHRIST, C. J. Joseph Stevens died in March, 1816. He left one child and heir at law, Lydia Ann, born on the 11th of March, 1811. His widow Catharine, now Mrs. Bennett, was

married in the Spring of 1820, and was appointed administratrix on the 23d of April, 1816, and guardian of Lydia Ann on the 25th of November, 1817. Lydia Ann married Mathes on the 11th of December, 1831, and died in 1844.

The administratrix returned an inventory of Joseph Stevens's estate as follows:

Real Estate 1,777.00        Cash 18.00

Personal Estate 754.96 of which there was in notes the sum of 219.08

$2531.96          $237.08

She rendered one account only, which was settled on the 5th of January, 1847, from the decree on which this appeal is taken.

The appeal is taken by the guardian of Sarah Jane, Joseph S., and Adelaide Mathes, children of Lydia Ann, and grandchildren of Joseph Stevens. The appeal states that they are heirs at law of Stevens, and interested in his estate. The appellee says that the report shows that the wards are not such heirs at law, nor interested in the estate, and that the appeal should be dismissed.

The property of Joseph Stevens descended to Lydia Ann, and was administered upon by the appellee. From Lydia Ann it descended to the wards, her children, who have an interest in the manner in which the estate was administered. If they can charge her with a larger sum than she is charged with in her account, their share will be proportionally increased, and therefore they are interested in the matter sufficiently to be authorized to appeal. Upon this point we are referred to the case of *Downing v. Porter*, 9 Mass. 386. Jonathan Porter died, and William Porter was his executor. The appellant was daughter and heiress of Jabez Porter, residuary devisee of Jonathan. The appeal was taken from the decree on the account of the executor of Jonathan, and the court held that the appellant was not sufficiently connected with the estate of Jonathan, to appeal; which appeal should have been taken by the administrator of Jabez, as he was entitled to receive the personal estate which came to Mrs. Downing. There was an intermediate administrator between the appellant and the estate of Jonathan, whose duty it was to appeal. Here, there is nobody intermediate between

the guardian and Mrs. Bennett, through whose hands the estate legally proceeded, and this makes an essential difference between the two cases. See also *Bryant* v. *Allen,* 6 N. H. Rep. 116.

The first point made by the appellant is, that the account should be made up, and the balance struck, as of March 11, 1811, when Lydia Ann became of the age of seven years, and there would be no farther claim against the estate ; and that interest should be cast either upon the whole balance then in her hands, or at least, upon the notes, amounting to $219.

As to the claim against the estate ceasing when the minor became seven years old, it may be remarked that the provision of § 23, ch. 162, Rev. Stat. is, that if any thing shall remain after payment of the debts, &c. " and for the support of the children, if any, under seven years of age," the residue shall be distributed among the heirs at law. Here Lydia Ann was the sole heir at law ; all the residue belonged to her, whether she were more or less than seven years old ; and as this residue was the fund out of which she was to be supported, there seems to be no reason why that age should be the point at which the charge of interest should commence.

But the report finds, that a balance has generally been due the administratrix on her account for expenditures for the support of Lydia Ann, larger than the balance in her hands as administratrix ; and therefore he charges her with no interest on the balance in her hands at that date, which was $615.16.

In the case of *Griswold* v. *Chandler,* 5 N. H. Rep. 497, it is held that an administrator is not chargeable with interest, except in three cases. Where, without reason, he retains money in his hands unemployed when it ought to be paid over ; where he receives interest for money which belongs to the estate ; and where he applies money belonging to the estate to his own use. It may be said that as the notes were on interest, they come within the second of these categories. But she is charged with the notes and interest up to the time of the inventory ; and the question whether she should be charged with interest on them, is nothing but the question whether she should be charged with interest on the sum then in her hands, of which they formed a

part. The report states a good reason why she should not be charged with interest. It would be unjust that she should pay interest when the balance was all along in her favor, and we think it should not be allowed.

The second point is, that, by the marriage of the administratrix in 1820, her trust was extinguished; and that therefore all her charges accruing subsequent to that time should be excluded. This is not stated as any reason for the appeal, nor does it appear, from any part of the appeal, when Mrs. Bennett was married. There is no reason to suppose that when the appeal was taken, this was regarded as a grievance, that is, that charges were made subsequent to her marriage. Whether they were legally made or not, if they were liable to no objection, but that her power had expired, and were properly made, or were reasonable in themselves, supposing her power to continue, no actual injury is sustained nor injustice done. The appellee contends that the appellant is precluded from this position by the fact that it is not stated nor included in the reasons for the appeal; and he refers to *Boynton* v. *Dyer*, 18 Pick. 1. In that case *Morton*, J., says that in appeals from decrees of the judge of probate " the appellants are restricted to such points as are specified in their reasons of appeal. These are the only points which the adverse party has been notified to be prepared to investigate. Every thing else, not having been objected to, is impliedly assented to and presumed to be correct."

By the act of July 2d, 1822, (N. H. Laws, 373, ed. of 1830,) it is provided, in the first section, that a party appealing shall set forth " the reasons of his appeal." By the second section, if he has been prevented by accident, &c., he may petition this court, setting forth "his reasons for appealing;" and the same expressions are used in ch. 170, §§ 2. 7, Rev. Stat. In the case of *Bean* v. *Burleigh*, 4 N. H. Rep. 550, the appellant petitioned the court to be allowed an appeal; and it was held that nothing was open to objection here, in the proceedings in the court below, except the grievances alleged in the petition as the reasons of appeal. It is said, that " this imposes no hardship upon him who asks for an appeal, because he is at liberty to

state as many reasons as he chooses," and " if the parties are at liberty to have those parts of the proceedings in the court below, by which they are aggrieved, brought here and revised and corrected, it is all they need." The same reasons apply to appeals from decrees; and we think this point must be overruled.

The third point is, that the allowance of $150 was improperly made. Stevens died in March, 1816, and the allowance was made in January, 1847. The allowance is authorized to be made for the present support of the widow. Rev. Stat. ch. 165, § 1. In the case of *Hubbard, App.* v. *Woods*, 15 N. H. Rep. 74, it was held that an allowance made four years after the death of the husband, was unauthorized by the statute; and a decree of an allowance was reversed. The allowance is for the support of the wife, *presently* after the death of the husband. It is not a free gift to the widow, but is intended to enable her to support herself until her interest in the estate can be set out to her in some way, and it may be considered in the distribution of the estate as part of her share. In this case thirty years had elapsed between the death of the husband, and the time of the decree; and if we could regard these facts alone, the decree should be reversed, as having been made at too late a period.

But no appeal was taken from this decree. It stands upon the record unreversed, and is binding upon all persons. We cannot reverse it indirectly, by charging her with the amount of it when she has a judgment for it in her favor, and this point cannot be sustained unless there be found something in the earlier statutes on this subject which should lead us to a different result.

By the act of February 3d, 1789, (N. H. Laws, 207,) which was in force at the time of Stevens's death, the judge of probate could make no allowance to the widow, except where the personal estate was insufficient to pay the debts. In that case, she was entitled to her apparel, " and such other of the personal estate as the judge should deem necessary." He had no power to make her an allowance in all cases, until the passage of the act of July 2d, 1822, § 17, (N. H. Laws, 337, edit. of 1830.) The allowance then, could not have been made in 1816, for the want of power in the judge; nor by the act of 1822, because it

would have been too late, it being intended "for her present support and comfort;" and that reason exists also, under the Revised Statutes. But all this does not alter the effect of the decree making the allowance, as it was not appealed from, although the personal estate is sufficient to pay the debts; and the case provided for by the act of 1789, has not happened.

By the Revised Statutes, ch. 162, § 19, the Court of Probate is deemed, for all purposes, a Court of Record. By ch. 172, § 12, every decision of a judge of probate, so far as the same shall be affirmed, or unaltered by the Superior Court upon appeal, shall be considered to have been in force from the time it was made. Those decisions are stringent and positive, and the adjudged cases are equally so. Where there has been a mistake in an account settled by the Court of Probate, it is competent for the judge, at any time before the final settlement of the estate, to correct it in a subsequent account, provided there does not appear by the record to have been a particular adjudication upon the subject. *Allen* v. *Hubbard*, 8 N. H. Rep. 489. In the case of *Poplin* v. *Hawke*, 8 N. H. Rep. 124, two married women had made their wills. It had already been settled in *Marston* v. *Norton*, 5 N. H. Rep. 205, on an appeal from a decree of the Court of Probate, that a married woman could not devise her lands by will. But the wills were approved in the Probate Court, no appeal having been taken, and it was held that the decrees were conclusive; and the settlement of a pauper was based upon a title derived under the wills. With these statutes and decisions before us, we must hold that the administratrix is entitled to hold the allowance made her, and to charge it in her account.

But it is said, in the fourth place, that even if the allowance were properly made, it should have been accounted as part of the distributive share of the administratrix in the estate. The 1st section, ch. 165 of the Revised Statutes, enacts, that the whole allowance, *or such part thereof as the judge may deem reasonable*, shall be accounted as part of her share. It is said that by the Revised Statutes the word *shall* is used; whereas in the Act of 1822, the word *may* is employed. But these two

words are not those which confer the discretion upon the judge. He is to charge her with such part as he deems reasonable. This is the discretionary clause ; and if he does not see fit to charge her with any part of it, we cannot exercise a discretion for him. That would be contrary to the recognized doctrine that obtains where an inferior tribunal has a discretion to exercise. The fact that the decree was not appealed from, is conclusive upon this view of the case also. We cannot reverse the decree indirectly, by charging her with its amount when we could not do it directly.

The above are all the points and items insisted on in the argument by the appellant's counsel. But the second reason of appeal is, that the sum of $259.51 allowed by the judge for the expenses of administration, &c., was a much larger sum than was due, or should have been allowed.

This is stated with as much precision as the case would permit, because the judge does not state what items are allowed, and what are disallowed. The charges of the administratrix amount to $379.82. The decree allows of this, $259.51 for " expenses of administration, &c.," thus disallowing the sum of $120.31. The auditor allows $233.50, making a difference of $26.01 against the administratrix, which, as she is entitled to one third as an heir, is diminished to a difference of only $17.34 in the final result. The papers do not show in what this difference happens. But the report of the auditor is *primâ facie* evidence that the account therein stated is correct. The decree is vacated by the appeal, and all we have to proceed upon is the report of the auditor ; and a new decree, affirming or reversing the former one, must be made by this Court. *Boynton* v. *Dyer*, 18 Pick. 1.

The decree of the judge of probate, charging her with the balance of $240.10, is affirmed, and she must be charged with the further sum of $17.34, making the balance with which she must be charged in her capacity of guardian, the sum of $257.44, according to the report of the auditor. As the appellee has prevailed in relation to the most important matters in controversy, the appellant cannot be allowed costs ; but each party must pay his own costs. *Griswold* v. *Chandler*, 6 N. H. Rep. 61.

The decree of the judge of probate is affirmed as to the other matters specified in the appeal, and the case is remitted to the Court of Probate for further proceedings.