Parsons, C. J.
The merits of the question arising on the facts in this case must depend on the construction of a paragraph in the statute of 1794, c. 34. The description of the fourth manner in *43 which a settlement may be gained is, that “ any person of twenty-one years of age, being a citizen of this, or of any of the United States, having an estate of inheritance, or freehold, in the town where he dwells, of the clear yearly value of ten dollars, and taking the rents and profits thereof three years successively, whether he lives thereupon or not, shall thereby gain a settlement therein.”
The defendants have argued on the facts that the pauper acquired a settlement in Groton; for he had there a freehold estate of a clear yearly income greater than ten dollars; and that he received the profits thereof for more than three years, living not only in Groton, but also on his own estate.
To the settlement in Groton, the plaintiffs make two objections ; — that although he once had there a freehold estate of a greater clear yearly income than ten dollars, yet he had not a freehold in that estate for three years, as within that time he mortgaged it in fee ; — and if, notwithstanding the mortgage, his freehold is to be considered as continuing for the purpose of gaining a settlement, yet, as the annual interest of the mortgage, when deducted from the yearly income of the estate, would not leave remaining ten dollars by the year, the pauper had not for three years a freehold of a clear yearly income of ten dollars.
We will consider these objections. As between the mortgagee and mortgagor, and those claiming under them respectively, it must be admitted that the legal freehold * passed by the [ * 53 ] mortgage; the mortgagor being a tenant at will to the mortgagee, who might enter and take possession at his pleasure, without being obliged by law to give the mortgagor notice to quit. But as the mortgage was intended only as security for a debt, and subject to be defeated by the payment; as between the mortgagor and all other persons, the mortgage is considered only as a pledge, the mortgagor remaining the owner of the estate, so long as he continues in possession of it. Thus he can sell it in fee, subject to the condition, and the purchaser may redeem; so on his death it descends to his heirs, who may redeem. And if an entry should be made on him, or he be disseised, by a stranger, he may maintain trespass or entry sur disseisin, and the stranger cannot set up the mortgage against him.
We are therefore satisfied that the first objection cannot prevail. If it were allowed, much inconvenience would be the consequence. Eor the mortgage might be to secure the payment of a small sum, the interest of which might be much less than the annual income of the land ; and it would be unreasonable that such a mortgage should deprive the mortgagor of the character of a freeholder, so long as he remained in possession
*44 The second objection deserves particular consideration. The statute intended, in this mode of gaining a settlement, to require evidence of a continued seisin of lands of not less than a certain definite value, on the presumption that any man having such lands, and receiving the profits of them for a limited time, living in the town where his lands were, would not be a charge on the town, but would be a benefit to the inhabitants by his labor and properly, in contributing with them to their public expenses. This qualification is combined both of property and inhabitancy ; and to make it a reasonable qualification, the value and the time ought to have proper limits. Accordingly, he must dwell in the town three years, and during that period must have there a freehold estate [ * 54 ] of the clear yearly * income of ten dollars, which during that time he must receive. These limitations of time and value must govern us: and if the time is one day or one year less than three years, or the value is in any portion, however small, less than ten dollars, the case will not be within the statute.
It is stated that the pauper lived more than three years in Groton ; that during that time he had there a freehold estate, the profits of which he received; and that within the three years that freehold was of the clear yearly income of ten dollars and more. The only question remaining is, whether his freehold was of the clear yearly income of ten dollars, for the period of three years, within the intent of the statute. If it was, a settlement was gained in Groton, and the verdict must be set aside.
If the statute, in describing the value, had considered only the yearly income, omitting the word “char,” then the pauper would have acquired a settlement in Groton; for he received the profits for three years, and the encumbrance by the mortgage did not diminish the yearly income. But we must take the whole expression, and give a reasonable effect to the term “ clear.” And the natural import is, that the yearly income from the land be ten dollars at the least, free from all charges upon the estate.
If we do not give the term this effect, the qualification by a freehold estate would be rendered absolutely nugatory. Any man involved in debt might mortgage his estate to the full value, so that the interest of his debt should exhaust the whole annual income of his lands. If this was the fact, what reason can be assigned, why, for a property so encumbered, he should be admitted to gain a settlement, when, in fact, the value of his real property is merely nominal ? But if, notwithstanding the mortgage, the annual income, after paying the interest of his debt, is worth ten dollars or more, then he has a freehold of the clear annual income of ten dollars.
In applying this construction to the case at bar, it appears *45 that the pauper, within the three years, charged his * lands by mortgage with the payment of a debt with in- [ * 55 ] terest, so that, when the interest was deducted from the annual income, there was not remaining an annual income of ten dollars. Therefore, from the time of the mortgage, the pauper had no longer a freehold estate in Groton of the clear yearly income of ten dollars. He is not then within the statute, any more than if, at the time of the mortgage, he had conveyed his lands in fee absolutely and without condition.
As this is a new case upon the statute, some research has been made for adjudged cases, which might furnish a correct analogy, by which we might have been assisted in forming our opinion. It would have been useless to recur to settlement cases in England, because no settlement there depends on receiving profits of a free hold estate of a certain clear annual income.
A settlement there may be acquired by renting a tenement for ten pounds per annum; but the value of the rent reserved is the rule of decision So a settlement may be gained by purchasing a freehold for thirty pounds dona fide paid to the vendor ; and the ability of the vendee is immaterial, if he pay the purchase money, whether he borrow it or not.
There is, however, an adjudication upon the construction of the statute of 22 and 23 Car. 2, c. 25, § 3, which is applicable to both of the objections made by the plaintiff in the case at bar. And we give the adjudication the more weight, because it is one of the game laws, which are penal, and to be construed strictly. It is the case of Withered vs. Hud, reported by Caldecot, [page 230.] The action was debt, for having engines to kill game, not being qualified. The statute enacted that every person, not having lands, tenements, or some other estate of inheritance of the clear yearly value of one hundred pounds, be prohibited from keeping engines to kill game. The defendant and his wife had been seised, in her right, of an estate of inheritance of the clear annual value of one hundred and three * pounds ; but before the of- [ * 56 ] fence committed, they had mortgaged a part of it in fee, to secure the payment of four hundred pounds, of the clear yearly value of fourteen pounds. The mortgagor remained in possession, and the interest of the mortgage had been regularly paid. —Two points were made ; — that an equitable estate was insufficient, the legal estate being in the mortgagee; that, after the mortgage, the fourteen pounds being deducted from the one hundred and three pounds, the clear yearly value was less than one hundred pounds And it was adjudged, on the first point, that an estate mortgaged by the defendant would protect him from the penalty that the mort *46 gagor, while he remains in. possession, is the equitable owner, and that the mortgagee has only a charge on the land, which goes with it. — On the second point it was determined, that the clear yearly value means a yearly value clear to the possessor, and that the annual charge by the mortgage must be deducted; otherwise a man might enjoy the privilege, and yet have no property.
Upon the whole, we are satisfied that the pauper did not gain a settlement in Groton; that his having mortgaged his lands would be no objection, if, after paying the interest of the mortgage out of the rents and profits, there remained an income of ten dollars; but that, in ascertaining the clear annual income of his lands, the annual charge on them, created by the mortgage, must first be deducted. And as there does not remain, after the deduction, an annual income equal to ten dollars, the pauper had not for three years in Groton a freehold estate in lands of the clear annual income of ten dollars, his settlement in Boxborough continued, and judgment must be rendered on the verdict.