Parker, C. J.,
delivered the opinion of the Court.
Upon the facts in this case two questions arise: —
The first is, whether Chester Smith, the pauper, had his settlement in Deerfield in consequence of his residence in that town, being taxed there for five years successively, [ * 332 ] * and owning and occupying a freehold there, which yielded an income of more than ten dollars per annum.
The only ground upon which it is denied that, by these circumstances, he acquired a settlement, agreeably to the statute, is, that his title to the land which he occupied was not perfect; because Hawlces, his grantor, having before granted the premises to Faxon *303 who entered, and died seised, a right descended to his heirs, which could not be divested by the cancelling of that deed, and making a new one to Smith, with the consent of the administrator of Faxon and one of his children; there being other children surviving, to whom the right of Faxon descended.
But we are of opinion that, notwithstanding this objection to the title of Smith, he is to be considered the owner of the estate, within the meaning of the fourth article of the statute of 1793, c. 34, 2,
for ascertaining legal settlements, &c. The words of that article are, “ Any person of twenty-one years of age, being a citizen of this or any of the United States, having an estate of inheritance or freehold in the town or district where he dwells and has his home, of the clear yearly income of three pounds, and taking the rents and profits thereof three years successively, whether he lives thereupon or not, shall thereby gain a settlement therein.”
Smith occupied an estate of that value, and more, in Deerfield, and received the annual profits thereof for more than three successive years. He held the estate by force of a deed from Hawkes, the former owner, and was actually and lawfully seised of it, as an estate of inheritance. Possibly the heirs of Faxon may hereafter question the title; but it is not known that they ever will. They may be content with the bargain, and prefer the avails of the estate in the hands of the administrator, (a)
If a man, holding undisturbed possession of real estate under a deed, is not to be considered the owner, for the purpose of gaining a settlement, it would be necessary, in every such case, to go into a trial of the title; when it might often * happen [ * 333 ] that some latent defect would be discovered, and yet that no one would appear, to question the right of the occupier. ' It is sufficient that the pauper should appear, by record and by possession, to be the lawful owner; and although his title may be defeasible, it is good until defeated.
The remaining question is, whether the pauper subsequently gained a settlement in Conway.
In 1805, he removed to Conway, having land there in fee yielding more than ten dollars annual income, and he occupied the same, receiving the annual profits. This would have given him a settlement there upon the same principle that he had before obtained one in Deerfield, but for the mortgage which he gave to Eames, his surety for the payment of the consideration.
It has been settled that land so holden, but which is mort *304 gaged for a sum, the interest of which, deducted from the profits, will reduce them below ten dollars, does not give a settlement. But it is said that this case is distinguishable, because the mortgage was not made to the grantor to secure the payment of the consideration, or to any person to secure the payment of money directly, but was given to Eames merely to indemnify him against the effects of his suretiship.
We see no difference. The land is equally charged with the payment of its price, whether the mortgage is made directly to the grantor, or to a third person, whom the purchaser has obtained as his surety. The land and its profits are, in fact, pledged for the payment of the debt. As to the surrender of the mortgage, this might have removed the difficulty; but there was not three years’ receipt of the profits afterwards; and we cannot say that, because the mortgage was surrendered, the land was therefore never encumbered.
Judgment must be rendered on the verdict; but as the sum charged by the overseers of Conway for their trouble is not a legal charge upon the defendants, so much must be deducted from the sum found by the verdict, (a)

 Rex vs. Calow. 3 M. & S. 23.—Aishbrittle vs. Wiley, 1 Str. 608.—Rex vs. Sutton, Burr Set. Cas. 631. Rex vs. Butteston, 6 D. & E. 554.

 Inhab. Groton vs. Inhab. Boxborough, 6 Mass. Rep. 50. — Inhab. Granby vs Inhab. Amherst, 7 Mass. Rep. 3. — Inhab. Western vs. Leicester, 3 Pick. 190.— Inhab. Middleborough vs. Clark, 2 Pick. 28. — Inhab. Mansfield vs. Pembroke, 5 Pick. 449.