# CASES

# SUPREME JUDICIAL COURT

PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM, )
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON, )

## The Inhabitants of Western *versus* The Inhabitants of Leicester.

To gain a settlement under *St.* 1793, c. 34, [see Revised Stat. c. 45, § 1,] by having an estate of inheritance or freehold of the clear yearly value of ten dollars and taking the rents and profits thereof three years successively, it is necessary that there should be an actual annual income, and that it should be each and every of the three years of the value of ten dollars.

THIS was an action to recover expenses incurred in the support of Matthew Watson, a pauper whose settlement was alleged to be in Leicester. The defence was, that Watson had gained a settlement in Montville, in Maine, before the separation of that State from Massachusetts, according to the provision in *St.* 1793, c. 34, that "any person &c., having an estate of inheritance or freehold in the town, &c., of the clear yearly income of three pounds [ten dollars], and taking the rents and profits thereof three years successively, &c., shall thereby gain a settlement therein."

213

Western
v.
Leicester

At the trial, which was before *Lincoln* J., the defendants proved, that Watson purchased an estate in Montville in January 1808, for 300 dollars, and sold the same in May 1811, for 1000 dollars. The counsel for the defendants requested the judge to instruct the jury, that in estimating the value of the yearly income they might take into consideration the increased and increasing value of the estate, arising from its local situatio... But, on the contrary, he instructed them, that they must determine the question upon the evidence of the real value of the income, and that this income by the rents and profits of the estate must, each and every of the three years, be of the amount of at least ten dollars.

The defendants filed exceptions to these instructions.

*Oct 5th.*

*N. P. Denny* for the defendants.

*Newton* and *Mansfield*, e contrà, after citing *Groton* v. *Boxborough*, 6 Mass. R. 50, and *Conway* v. *Deerfield*, 11 Mass.

*Oct. 8th.*

R. 327, were stopped, the Court being clear that the instructions of the judge were correct on both points.[1]