I. John Richards exhibited a bill in the superior court of chancery of Winchester against John, George, and ^Benjamin Grayson, shewing, that he recovered a judgment against John and George Grayson, in August 1822, for 502 dollars, with interest and costs, and they having been duly surrendered by Benjamin Grayson, who was their special bail in the action, and being in custody, took the benefit of the statute for the relief of insolvent debtors, and were discharged, surrendering, iti their schedules, only some debts said to be due to them, which had proved wholly unavailable to satisfy the judgment; and that Richards had also a claim against John Grayson for 102 dollars, due by promissory note dated in May 1828. And the bill then alleged, farther, that the defendant Benjamin had, sometime before the year 1821, given to each of the defendants John and George, who were his sons, 250 acres of land, and executed deeds conveying the same to them respectively; and that both the sons had ever since and still remained in possession of the lands so to them given and conveyed ; but that the defendant Benjamin had afterwards induced both of the sons to restore to him the deeds he had executed and delivered to them for the lands. The object of the bill was, to have satisfaction of the judgment due to the plaintiff from the defendants John and George, out of the lands which had been given and conveyed to them both, and satisfaction of the simple contract debt due from John, out of the land which had been given and conveyed to him.
The answer of Benjamin Grayson stated, that in April 1817, he conveyed to each of his sons John and George, 200 acres of land ; but iri June or July following, in consequence of.an occurrence in his family, which made it necessary that his lands should be divided among his children in a manner different from that intended when those conveyances were made, the sons voluntarily surrendered to him the deeds he had given them, which had never been recorded, to be cancelled, and they were actually can-celled. He admitted, that *he had allowed the sons, respectively, still to reside on the lands, and to cultivate the same for their own benefit.
The answers of John and George Grayson were to the same effect.
There were many depositions filed in the cause; but the evidence did not vary the case from that stated in the answers, except that, perhaps, it led to an inference, that the surrender of the deeds by the sons to the father occurred at a later date than that stated in the answers, namely, in 1820, ’21 or ’22, but still'prior to the date of Richards’s judgment.
II. Thomas and Otho Beatty also exhibited a bill against John and Benjamin Grayson, *292 shewing that John Grayson was indebted to them on a bond for the sum of 51 dollars with some arrears of interest; and making the same allegations touching the gift and conveyance of land by the defendant Benjamin to his son John, as were contained in the bill of Richards ; this bill likewise prayed satisfaction of the bond debt due from the defendant John to the plaintiffs, out of the land so given and conveyed to him by the defendant Benjamin. The answers of the defendants to this bill were exactly to the same purpose with their answers to Richards’s bill; and the proofs in this cause were also the same.
Both causes coming on to be heard together, the chancellor, being of opinion, that the lands which had been conveyed by Benjamin Grayson to his sons John and George, and which yet remained in their possession, were, notwithstanding the cancellation of the deeds of conveyance, liable for the debt due from the sons to Richards upon his judgment against them ; and that the land which had been conveyed to John, ought to be charged with the debt due from him on his promissory note to Richards, and likewise with the debt due from *him on his bond to T. & O. Beatty; decreed, accordingly, that the money should be raised by sale of the lands to be made by the marshal. From which decree, the defendants appealed to this court.
The causes were argued here, by Leigh for the appellants, and by Stanardfor Richards, the appellee in the first case; there was no counsel for T. & O. Beatty, the appellees in the second case.
Leigh contended, 1st, that the voluntary surrender of the deeds of conveyance by the sons John and George to Benjamin the father, for the purpose of being cancelled, and the actual cancellation thereof, had the effect of divesting thq sons of all title on which the claims of their creditors could attach. He argued, that the creditors of the sons could only claim satisfaction out of these lands upon the strength of the rights of their debtors in them : that the sons, after their voluntary surrender of the deeds to their father to be cancelled, with a view to divest themselves of the title, and actual cancellation, could never have recovered the lands from their father, by any proceeding at law or in equity; they could not have maintained ejectments upon proof of the contents of deeds which they surrendered to be can-celled ; and equity would not have aided them to compel their father to execute new deeds of gift: that the creditors of the sons, claiming under them, could not set up a title in them, which they could nowise have set up for themselves: and that, therefore, the debts due to the appellees ought not to have been charged on the lands. He said, there was no authority to the point, that after a voluntary surrender of a deed of gift of lands by the donee to the donor to be cancelled, for the purpose of divesting the title of the donee and revesting it in the donor, and the actual cancellation of such deed, no fraud or mistake being imputable to the transaction, any title remained in the donee for the benefit of his subsequent ^creditors, or for any purpose what- ’ ever. And to shew that there was no such authority, he cited and examined 4 Cruise’s Dig. tit. 32; Deed. ch. 26, § 14, 15, 16, 17, p. 338; Leech v. Leech, 2 Chan. Rep. 100 ; 13 Vin. Abr. Faits or Deeds. X, 2, 3 ; Nelthorp v. Dorrington, 2 Lev. 113; Woodward v. Aston, Ventr. 297; Clavering v. Clavering, 2 Vern. 473 ; (and lady Hudson’s case, stated Id. 476;) 7 Bro. P. C. 410 ; S. C. on appeal; Bolton v. Bishop of Carlisle, 2 H. Blacks. 263; Roe v. Archbishop of York, 6 East 86 ; Marshall v. Fisk, 6 Mass. Rep. 24 ; Hatch v. Hatch, 9 Mass. Rep. 24 ; Inhabitants of Conway v. Inhabitants of Deerfield, 11 Mass. Rep. 327. — But 2ndly, supposing the decree right in charging the judgment debt due to the appellee Richards, on the lands which had been conveyed to John and George, he said it was wrong in charging the simple contract debt due from John to Richards, and his bond debt due to the appellees T. & O. Beatty, upon the land that had been conveyed to him ; for if the title remained in him notwithstanding the cancellation of his deed, yet his creditors could only acquire a lien on it by getting judgments against him. Tate v. Liggat, 2 Leigh 84.
Stanard-cited, on the first point, Gilb. Law Ev. 95, and Magennis v. Mac Cullogh, Gilb. Rep. 236, and relied on that case and the case of Roe v. Archbishop of York, to shew, that the cancellation of the deeds did not divest the title of the sons John and George, and restore it to the father Benjamin. He remarked, that the reasoning, in those cases, upon the effect of the english statute .of frauds, was equally applicable to the provision of our statute of conveyances, 1 Rev. Code, ch. 99, § 1, p. 361, “ that no estate of inheritance or freehold, or for a term of more than five years, in lands or tenements, shall be conveyed from one to another, unless the conveyance be declared by writing sealed and delivered.” Indeed, the statute alone was conclusive of the point. For the deeds of the father to the sons certainly *vested the title of the lands in them, and that title could no otherwise be conveyed back to the donor but by deed ; nor could the cancellation of the deeds, by any violence of construction, be held tantamount to a reconveyance. Then as to the other objection to the decree ; he said, that the appellee Richards, having a right to resort to the court of chancery for satisfaction of the judgment debt due to him from John and George, out of the lands conveyed to them, had a right to tack his simple contract claim against John to his judgment against him, especially as the debtor (except for his right in this land) was insolvent. And while Richards was properly entertained to charge the debts due to him on the land in question, as the property of the debtors, any other creditor of the same debtors, or of either of them, was also properly entertained to ask satisfaction of the debts due them out of the same subject. The case of Tate v. Liggat was not in point *293 to this case, which ought to be decided upon the principle of Tinsley v. Anderson, 3 Call 329.
The court approved and affirmed the decree.