INHABITANTS OF BOYLSTON *vs.* INHABITANTS OF CLINTON.

A citizen of the United States, living three years in any town within this state, on land conveyed to him by a warranty deed, gains a settlement in such town by virtue of the Rev. Sts. *c.* 45, § 1, *cl.* 4, although his grantor had in fact no title to the land.

ACTION OF CONTRACT to recover expenses incurred by the plaintiffs in furnishing relief to Stillman Howe, a pauper, alleged to have his legal settlement in the town of Clinton.

At the trial in the court of common pleas, at September term 1854, it was admitted that Howe, in April 1844, purchased of Luther Sargeant, by deed duly executed, with full covenants of warranty, about half an acre of land, with a small dwelling-house thereon, in the southerly part of the town of Lancaster, which on the division of the town in 1850, and the incorporation of the town of Clinton, became a part of Clinton; and that Howe immediately took possession of the land, and had ever since occupied it undisturbed. The plaintiffs admitted that the defendants were not liable, unless the purchase and occupation of this land by Howe gave him a settlement in Clinton by force of the Rev. Sts. *c.* 45, § 1, *cl.* 4, and the act incorporating the town of Clinton, *St.* 1850, *c.* 72, § 3, which provides that the " towns of Lancaster and Clinton shall be respectively liable for the support of all persons who now do, or shall hereafter, stand in need of relief as paupers, whose settlement was gained by, or derived from, a settlement gained or derived within their respective limits."

The defendants, for the purpose of disproving Howe's settlement in the town of Clinton, offered to prove that a sale for non-payment of taxes in 1842, which was the only source of Sargeant's title, was defective and illegal, and passed no title, and that Howe therefore had no legal title in the land. But *Byington*, J. was of opinion that these facts would not constitute a defence, and rejected the evidence. A verdict was returned for the plaintiffs, and the defendants alleged exceptions.

*C. G. Stevens*, for the defendants.

*C. Allen*, for the plaintiffs.

MERRICK, J. The real question which arises upon the facts stated in the bill of exceptions is, whether Stillman Howe, the pauper, acquired a settlement in the town of Lancaster previously to the incorporation of the town of Clinton in the year 1850. The statute provides that any citizen of the United States, " having an estate of inheritance or freehold, in any town within the state, and living on the same three years successively, shall thereby gain a settlement in such town." Rev. Sts. *c.* 45, § 1, *cl.* 4. It appears, that in the year 1844 Howe purchased of Luther Sargeant a tract of land, situate within the limits of the territory now embraced in the town of Clinton, and took a deed of it to himself in fee simple, with full covenants of warranty. He immediately entered upon the land under his deed, and thereafterwards lived upon, and had the sole and undisturbed possession of it, for more than three years successively then next following, and in fact down to the time of the trial of this action in 1854. This brought him precisely within the terms of the portion of the statute above cited. The estate which he took under the deed from Sargeant was an estate of freehold and inheritance, and he lived upon the land more than three years in succession after his title was acquired. This is decisive of the question. It was determined many years since, in reference to a clause in a former statute of which the citation from the Rev. Sts. *c.* 45, is a copy, that, upon a contest between towns, it is sufficient to fix the settlement in one of them, that the pauper resided there upon a particular estate for the requisite period of time, and that he appeared by record and by possession to have been the lawful owner of it. The settlement does not depend upon the question, whether the title is good against all persons ; although it may be defeasible, it is good until defeated. *Conway* v. *Deerfield*, 11 Mass. 327. This principle has been recognized in subsequent cases, and has never, as far as we know, been disputed or denied. *Brewster* v. *Dennis*, 21 Pick. 233. *Mount Washington* v. *Clarksburgh*, 19 Pick. 294. Since the case of *Conway* v. *Deerfield* was decided, several alterations have been made by the legislature respecting the different methods of acquiring a settlement, and a part even of the clause upon which

that decision was made has been repealed. But that part of the clause remains unaltered, from which it would seem fairly to be inferred, that the construction given to it by the court expresses correctly the will of the legislature in its enactment.

The evidence, therefore, which was offered by the defendants was immaterial, in the determination of the question in controversy between the parties. The facts, which the defendants wished to prove, had no tendency to show that Howe had no title in fact, or that he did not live on and occupy the estate, claiming it as his own, or that any person ever denied his right, or assumed on any occasion to contest it. The evidence was therefore correctly held to be inadmissible.

*Exceptions overruled.*