INHABITANTS OF PELHAM *vs.* INHABITANTS OF MIDDLEBOROUGH.

In order to give a citizen of the United States, twenty one years of age, a settlement under *St.* 1793, *c.* 34, § 2, *cl.* 4, by having a freehold " of the clear yearly income of three pounds," (ten dollars) " and taking the rents and profits thereof three years successively," it is not necessary that he should have actually taken and received that sum yearly free of all charges.

ACTION OF CONTRACT to recover for supplies furnished to the son and granddaughter of Isaac Rider, whose settlement they had.

At the trial in the court of common pleas, before *Sanger*, J., the plaintiffs admitted that said Rider, (who previously had his settlement in Middleborough,) being twenty one years of age, purchased fifty acres of land in Pelham, and lived upon it for three years successively; and the defendants contended that the clear yearly income thereof was ten dollars, and that he gained a settlement in Pelham under *St.* 1793, *c.* 34, § 2, *cl.* 4 by taking the rents and profits of the land for that time.

The plaintiffs, in order to show that there should be a deduction

from the rents and profits, gave in evidence a mortgage of thirty acres of said land, made by said Rider, at the time of such purchase, to secure the payment of $500 in five years, without interest. The judge ruled that this mortgage could not affect the question of rents and profits.

The plaintiffs introduced evidence tending to show that after said Rider took possession of the land, and during said three years, he was intemperate in his habits, and was more or less idle, spending part of his time in hunting and fishing, and at the stores and taverns, and neglecting his business; and his family were supported, in part, by weaving done by his wife, and by work not bestowed on the land. And the plaintiffs contended that, under the statute, the clear yearly income of the land must have been worth ten dollars to Rider himself, and he must have taken and received that amount. But the judge instructed the jury, that if the land would have rented for that sum, clear of taxes and all charges, and was of the clear yearly income of ten dollars, it would give Rider a settlement, if the other requisitions of the statute were complied with.

The jury returned a verdict for the defendants; and, in answer to a question of the court, found specially that the portion of the land, not covered by the mortgage, was of the clear yearly income of ten dollars. The plaintiffs alleged exceptions.

*C. P. Huntington*, for the plaintiffs, cited *St.* 1793, *c.* 34, § 2, *cl.* 4; *Groton* v. *Boxborough*, 6 Mass. 54; *Conway* v. *Deerfield*, 11 Mass. 333; *Monson* v. *Chester*, 22 Pick. 387; *Western* v. *Leicester*, 3 Pick. 198; *Mansfield* v. *Pembroke*, 5 Pick. 449.

*W. H. Wood*, for the defendants.

METCALF, J. By *St.* 1793, *c.* 34, § 2, *cl.* 4, on which this case depends, "any person of twenty one years of age, being a citizen of this or any of the United States, having an estate of inheritance or freehold in the town where he dwells and has his home, of the clear yearly income of three pounds," (ten dollars) " and taking the rents and profits thereof three years successively, whether he lives thereupon or not, shall thereby gain a settlement therein." The settled construction of this provision is, that " clear yearly income " is income free from all charges

on the estate ; and therefore that it is not clear, if the estate is mortgaged to secure a sum the interest of which, being deducted from the income, reduces it below ten dollars. *Groton* v. *Boxborough*, 6 Mass. 50. *Conway* v. *Deerfield*, 11 Mass. 327. *Freeport* v. *Sidney*, 21 Maine, 305. . No such deduction is to be made in the present case, in ascertaining the yearly income of Isaac Rider's estate. Only a part of it was mortgaged, and the jury have found that the clear yearly income of the residue was ten dollars. This finding of the jury was under instructions that it was not necessary that Rider should have actually taken and received ten dollars yearly, clear of all charges, in order to give him a settlement. To these instructions the plaintiffs except ; but we are of opinion that they were right. The terms of the statute require that the clear yearly income shall be ten dollars, and that the owner shall take the rents and profits ; but not rents and profits to the amount of ten dollars. The words " rents and profits " are superfluous, if they mean nothing different, in any case, from clear income. And it has always been held, so far as we have known or can learn, that the words " yearly income " mean, not the sum actually received yearly by the owner of the estate, as rents and profits, but the yearly value thereof, as a rentable estate. In the trials of many cases which arose on this clause of the statute, while it was in force. and which passed under our personal observation, the inquiry uniformly was of this import : What sum would have been a fair yearly rent for the estate, without taxes ? If the estate were a building occupied by the owner, the clear yearly income and the yearly rents and profits would be the same sum, viz : the rentable value. But it would be otherwise if the estate were a small piece of land occupied by the owner. Its rentable value might be twenty dollars a year, and yet the clear yearly rents and profits, actually received, might not be one.

If the court had originally adopted the construction of the statute which the plaintiffs now contend should be given to it, the consequence must have been, that when the amount of the clear yearly income of a small piece of land occupied by the owner was in question, in a pauper cause, it would have been

competent, if not necessary, to introduce evidence concerning the owner's health, economy, thrift, industry and efficiency, or the want of them, and of the state of the season, whether fruitful or otherwise, for each of three successive years, in order to satisfy a jury whether or not he actually obtained ten dollars in each year, as rents and profits of his estate, clear of all charges; thus making the provision of the statute practically worthless. Even on the better construction that was given to it, the provision was found to have no practical value, and was therefore repealed in February 1822. *St.* 1821, *c.* 94. In cases where the rentable value was about ten dollars, witnesses on one side always estimated it a little higher, and on the other a little lower than that sum; and the result almost invariably was, that the verdict was against the party that had the burden of proof.

In originally giving to the words " yearly income," in clause 4, the meaning of rentable value, the court could hardly have failed to advert to the meaning of " income " in the fifth clause, which provides that a person having an estate, the income of which shall be set at three pounds twelve shillings, in the valuation of estates made by assessors, and being assessed for the same five successive years, shall thereby gain a settlement. Here it is manifest that income cannot mean the sum which the owner actually derives from his estate, but means the amount of income fairly derivable therefrom—its taxable value. It would not be easy, probably, to find a satisfactory reason for giving to the word " income " the meaning of actual receipt, in one clause rather than in the other.

By the instructions given to the jury, and by the verdict, the question, whether the judge erred in his first ruling concerning the effect of the mortgage from Rider, became immaterial.

*Exceptions overruled.*