### AT THE

## OCTOBER SESSION 1862, AT BOSTON.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. EBENEZER R. HOAR, } Justices.
Hon. REUBEN A. CHAPMAN,

## BARNSTABLE COUNTY.

### INHABITANTS OF WELLFLEET vs. INHABITANTS OF TRURO.

A settlement in a town is not acquired by living undisturbed for thirteen years in a house built by mistake upon the land of another, adjacent to land of the builder, under Rev. Sts. c. 45, § 1, cl. 4, which provide that a settlement may be gained by having an estate of inheritance or freehold therein, and living on the same three years successively.

CONTRACT to recover for supplies furnished to a pauper. At the trial in the superior court, before *Morton*, J., upon facts which are sufficiently stated in the opinion, a verdict was rendered, under the direction of the judge, for the defendants, and the plaintiffs alleged exceptions.

12 *

*H. A. Scudder*, for the plaintiffs.

*G. Marston*, for the defendants.

DEWEY, J. It being conceded that the pauper once had a settlement in Truro, that settlement will charge upon that town the expenses incurred by the plaintiffs, unless a new settlement has been gained elsewhere.

On the part of the defendants, it is alleged that a new settlement has been gained in Wellfleet. It is said to have been thus gained, under the provisions of Rev. Sts. *c.* 45, § 1, *cl.* 4, by " having an estate of inheritance or freehold in any town within the state, and living on the same three years successively." It appears in the case stated that the pauper did, on the 5th of April 1848, receive as grantee a conveyance of a small parcel of real estate in Wellfleet, and that afterwards, on the 29th of August 1849, he executed a deed of the same to Jacob Mitchell, taking back at a subsequent date a bond to reconvey the same, upon payment of a certain sum of money, which it is alleged has been fully paid, although no transfer has been made of the legal estate by Mitchell to him. We do not perceive that the conveyance of the pauper to Mitchell materially affects the question of his settlement. If the deed to Mitchell and the bond given by him constitute a mortgage merely, then such mortgage does not prevent the mortgagor from gaining a settlement under this section of the statute. *Mount Washington* v. *Clarksburgh*, 19 Pick. 294. If it presents more properly a case of a trust, and it should be held that Mitchell held the legal estate as trustee for the pauper, upon the facts presented the pauper would not thereby be prevented from gaining a settlement in Wellfleet. *Orleans* v. *Chatham*, 2 Pick. 29. *Scituate* v. *Hanover*, 16 Pick. 222.

The difficulty of establishing the fact of a settlement in Wellfleet arises from another source. The statute not only requires that the party have an estate of freehold or inheritance in the town, but he must live on the same three years successively. The pauper had an estate of freehold or inheritance during the three years. But it is denied that he lived on the same for that period.

The plaintiffs offer to show that the pauper occupied as his dwelling-house a house built by him upon land adjoining his own land; but not any part or parcel of the land conveyed to him by the deed of April 5, 1848, before referred to. But it further appearing that he intended to build his house upon his own land, though by mistake did not do so, but erected the same on an adjoining lot, and that he has ever since resided in the said house undisturbed by any one, the court excluded this evidence.

It is argued in behalf of the defendants that this occupation of the dwelling-house and ownership of land were quite sufficient to bring the case within the statute, and that the court should not open any questions of superior title, or of adjacent boundary lines, where the pauper has never been disturbed in his possession by the party said to hold the better title. The case of *Conway* v. *Deerfield*, 11 Mass. 327, is supposed to sustain this view. It does so to a certain extent. It does so, where the party occupying appears by record and possession to be the lawful owner of the estate occupied, although his title may be defeasible. But the party there held by a deed embracing the precise lands upon which he lived.

The rule of law on this subject was more fully stated by this court in the case of *Brewster* v. *Dennis*, 21 Pick. 236, where it is said, that it is sufficient that the tenant is seised by an apparently good title, and without any present right of entry in any other person. But as to a title by disseisin the court say, " till the expiration of the twenty years the pauper could not be deemed a freeholder, and therefore he must have resided there three years continuously after that time in order to acquire a settlement under the statute."

The case of *Boylston* v. *Clinton*, 1 Gray, 619, was, like *Conway* v. *Deerfield*, a case where the record, and possession both concurred in showing the title of the pauper. He had entered under his deed and in accordance therewith, and it was held to be inadmissible to control this evidence of title by showing that the title of his grantor was a tax title, and defective for want of the formalities required by the statute.

In the present case there is no question as to the true boun-
daries. The title was not in dispute. By mere mistake on his
part, the pauper erected his house on a lot adjacent to his own.
His highest title or estate in the case supposed would be by dis-
seisin; but such disseisin, to give an estate that would bring
the case within the statute must be continued for the term of
twenty years. The entry here commenced in the year 1848,
and was only continued for thirteen years, so that if we were
to give the greatest effect to this entry, it fails to establish an
estate of freehold or inheritance in the pauper upon which he
has resided for the term of three years.

As it seems to us, the proposed evidence was competent and
ought to have been admitted; and if it presents the case in
the aspect assumed, and is not otherwise controlled, the defend-
ants will have failed to establish the settlement of the pauper in
Wellfleet under the statute, inasmuch as the place where he has
lived was not his estate of inheritance or freehold.

*Exceptions sustained.*