# HAMPSHIRE COUNTY.

## INHABITANTS OF BELCHERTOWN *vs.* INHABITANTS OF DUDLEY.

It is not necessary to prove that the deed was recorded, under which land was held, in order to establish a settlement under *Sts.* 1789, *c.* 14, § 1, and 1793, *c.* 34.

A jailer's register of prisoners committed to jail for debt, containing his entry of the time and means of their liberation, is not competent evidence to prove the taking of the poor debtors' oath, under *St.* 1787, *c.* 29.

CONTRACT to recover for the support of two paupers, Selinda Leavens and her daughter, whose settlement was alleged to be in the town of Dudley, being derived from her father, Joseph Whitford.

At the trial in the superior court, before *Morton, J.*, the plaintiffs introduced registry copies of a deed of land in Dudley, from Andrew Brown to Joseph Whitford, dated March 2, 1787, not acknowledged by the grantor, but duly proved before the court of common pleas on the 28th of August 1793, and recorded September 19, 1793; and of a deed of the same land from Joseph Whitford to John Whitford, dated October 21, 1793, recorded November 11, 1793; and of a deed of the same land from John Whitford to Joseph Whitford, dated February 12, 1796, recorded March 23, 1802. The plaintiffs also introduced evidence tending to show that the above deeds were delivered at or about the times of their respective dates; that Joseph built a house upon the land, and occupied and improved the same in person, under said deeds, and was in the open possession thereof from the date of the first deed until 1800, and that the premises were of the requisite annual income. The defendants contended that in the absence of any evidence, except possession, of notice to the town authorities that Joseph Whitford was the owner, and had a deed of the premises, he could not be considered as then seised of a freehold state under *St.* 1789, *c.* 14, or *St.* 1793, *c.* 34, because the deeds were not recorded until the times above mentioned; but the judge instructed the jury that, if they should be satisfied that he

occupied and improved the premises two years under *St.* 1789, or three years under *St.* 1793, he would be seised of a freehold estate within the true intent and meaning of said statutes, if he entered under such deeds so duly executed and delivered, and held and occupied under them for a requisite time under either of said statutes, although they were not recorded until the times above mentioned.

In order to show that Whitford was poor, and was not the owner or in possession of property, as claimed by the plaintiffs, the defendants offered the jail records of the county of Worcester, showing that he was committed to jail for debt, and took the poor debtors' oath on the 27th of April 1794; but the evidence was excluded.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*P. E. Aldrich,* for the defendants, cited *Sts.* 1783, *c.* 37, § 4; 1784, *c.* 41, § 4; *M'Mechan* v. *Griffing,* 3 Pick. 149; *Pomroy* v. *Stevens,* 11 Met. 244.

*S. T. Spaulding,* for the plaintiffs.

METCALF, J.    The provision of *St.* 1789, *c.* 14, § 1, was this: " Every person being a citizen of this commonwealth, who shall be seised of an estate of freehold, in any particular town or district, of the clear annual income of three pounds, and shall reside thereon, or within the same town or district, occupying and improving the same in person, for the space of two whole years, shall be deemed and taken to be an inhabitant of the same town or district;" the legal meaning of which was, that he should gain a settlement therein.    4 Mass. 387.    This provision was repealed on the 11th of February 1794, by *St.* 1793, *c.* 34 — saving all settlements gained under it — and the following was substituted: " Any person of twenty-one years of age, being a citizen of this or any of the United States, having an estate of inheritance or freehold, in the town or district where he dwells and has his home, of the clear yearly income of three pounds, and taking the rents and profits thereof three years successively, whether he lives thereupon or not, shall thereby gain a settlement therein."

Inhabitants of Belchertown *v.* Inhabitants of Dudley.

The main question in this case is, whether Joseph Whitford gained a settlement in Dudley, by residing on an estate therein two whole years after the *St.* of 1789 was passed, occupying and improving the same, which was of the clear annual income of three pounds, the deed of which estate, dated March 2d 1787, was delivered to him at or about that date, but was not acknowledged and recorded until September 1793 ; or if he did not thus gain a settlement, whether he gained it by a like residence on the same estate and taking the profits thereof, of the same clear yearly income, three years successively, under a deed dated and delivered in February 1796, but not recorded until March 23d 1802, after he removed from Dudley.

No question is made by the defendants as to the age or the citizenship of Whitford when he received his deeds and entered upon the estate.

The jury were rightly instructed.   It has been repeatedly decided that an estate passes to the grantee, on the execution of a deed thereof, though the deed is not registered.   *Marshall* v. *Fisk*, 6 Mass. 24.   *Dole* v. *Thurlow*, 12 Met. 157.   *Call* v. *Buttrick*, 4 Cush. 345.   The grantee, under a deed not registered, takes the granted estate subject only to the grantor's creditors or subsequent purchasers who have not notice of the deed.   Whether there were any such creditors or purchasers of Whitford's grantors, or of either of them, does not appear, and is not material.   His estate was not taken from him, and he gained a settlement by occupying and improving it during the requisite time, even if it might have been defeated by a legal claimant.   *Conway* v. *Deerfield*, 11 Mass. 327.

If any evidence that Joseph Whitford took the poor debtors' oath six months after he had conveyed away his estate, and twenty-nine months before it was reconveyed to him, was competent for the purpose for which it was offered, to wit, " to show that said Whitford was poor and was not the owner or in possession of property," as to which the plaintiffs had introduced evidence, it is clear that the jailer's calendar or register of prisoners committed for debt, containing his entry of the time and means of their liberation, was inadmissible.   In April 1794, the *St.* of

1787, *c.* 29, § 2, was in force, and required the magistrates, who administered to a poor debtor the oath therein prescribed, to make a certificate thereof to the jailer under their hands and seals. That certificate — or, if it were lost, proof of its contents — was the evidence which alone, if any, was compe tent.                                        *Exceptions overruled*